## J. M. CAMPBELL, EXECUTOR, v. L. D. PUCKET.

(Case No. 2825.)

1. STATUTE OF FRAUDS — VERBAL PROMISE.— The verbal promise to hold one harmless if the promisee would become surety on the appeal bond of a third party is not within the statute of frauds, and may be enforced against the promisor when the surety is compelled to pay the bond. Pas. Dig., art. 3875; Throop's Treatise, ch. 13, art. II; Lucas v. Chamberlain, 8 B. Monroe, 276; Jones v. Letcher, 13 B. Monroe, 363; Jones v. Adm'r of Shorter, 1 Kelly, 294.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

The opinion states the case.

*Peeler, Montgomery & Fisher*, for appellant.

*Makemson & Posey* and *Walton, Green & Hill*, for appellee.

QUINAN, J.— This suit was instituted by Pucket against Campbell, executor of Campbell, Sr., for the recovery of a sum of money paid by Pucket on a judgment against R. D. Smith in favor of one Napier under these circumstances:

The petition sets out, in substance, that the wife of Smith was the daughter of Campbell, who was interested in her pecuniary welfare; that a judgment being rendered against Smith, the execution was levied on thirty head of horses, alleged to be the property of Smith's wife, who made claim to the property, but upon trial of the right thereto were adjudged subject to the execution; that then Campbell, her father, "became indignant at the decision of the court, and declared that before said property should be sold he would exhaust his entire estate;" that he was determined to take the case to the supreme court by writ of error; that Campbell applied to Pucket to go on the bond with him, to prevent the sale of his daughter's property, "and promised that if he, Pucket, would go on said bond he would take it as a great personal favor; that he would indemnify him and hold

him harmless; that he should not lose one cent, and that if said judgment had to be paid he expected and intended to pay the same." Pucket avers that, relying upon the representations and assurances of Campbell, he was induced to become surety on said writ of error bond; that he gave no credit to said R. D. Smith, and had no conversation with him about it, but that he signed the bond relying alone upon the assurance of Campbell that he would indemnify and hold him harmless from all loss and damage growing out of it. The case was taken to the supreme court, and in that court the judgment against Smith was affirmed, with ten per cent. damages against him and his sureties on the writ of error bond. Smith being insolvent Pucket was compelled to pay the amount.

The claim for this amount was presented to Campbell's executor, and by him rejected.

The defendant demurred to the petition, and pleaded specially that the promise declared on was a verbal promise to answer for the debt or default of another, within the statute of frauds, and insufficient to support the action. This demurrer was overruled, a jury was waived and the cause submitted to the court, who, upon the pleadings and evidence, gave judgment for the plaintiff, from which Campbell appeals. There is no statement of facts. A bill of exceptions taken to the admission of testimony shows that the averments of the petition were sustained by the proof.

The assignments of error present the question whether, upon the case as stated, the undertaking of Campbell to indemnify Pucket was within the statute of frauds.

The first section of the act provides that no action shall be brought . . . whereby to charge the defendant upon any promise to answer for the debt, default or miscarriage of another person, . . . unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or some person by him thereunto lawfully authorized. Pas. Dig., art. 3875. Is Camp-

bell's undertaking, then, a promise to be answerable for the default of Smith which must be in writing?

The question presented is by no means free from difficulty. The authorities upon the subject are conflicting and cannot be reconciled. An excellent collation of them will be found in Throop's treatise upon the validity of verbal agreements (ch. 13, art. II), and the conclusion is reached, " as the result of the conflict of authority, that nothing can be regarded as definitely settled except, perhaps, that where the promisor and the promisee are about to unite in an instrument as sureties for the third person, the promise to indemnify is not within the statute."

Lucas v. Chamberlain, 8 B. Monroe, 276, a case cited, is strongly analogous to the present case. There the defendant promised to indemnify the plaintiffs for executing, as sureties, an injunction bond with J. & J. Stephens, to stay execution upon a judgment against them, and it was held that the undertaking was not within the statute. So in Jones v. Letcher, 13 B. Monroe, 363, it was held that one who had requested another to become jointly bound with him as surety upon a third person's bond as executor, and had verbally promised to indemnify him for so doing, was liable upon the promise, although the objection was taken that the statute prevented a recovery.

In a Georgia case (Jones v. Adm'r of Shorter, 1 Kelly, 294), the plaintiff filed a bill to compel the defendant to execute a bond of indemnity to secure him against any amount which might be recovered against him on a suit pending upon an administration bond, alleging that he had executed the bond upon the agreement of defendant to indemnify him against any loss for so doing. The court held that the plaintiff had an adequate remedy at law and could recover in an action upon the verbal promise, and so dismissed the bill.

In Massachusetts, Connecticut, Iowa, New Hampshire, Maine and other states the same rule has obtained, while in New York the decisions have been both ways; and in Ohio

and North Carolina and Indiana the contrary has been maintained.

In this conflict of decisions, however, we are of opinion that the weight of authority is that an undertaking like that of Campbell in the present case is not within the statute.

It seems to us that the promise of Campbell to Pucket was an original undertaking to hold him harmless from any loss he might sustain in consequence of signing the writ of error bond with him; that Pucket's signing was a service rendered to Campbell and for Campbell's benefit, to aid him in suspending the execution against his daughter's property, and upon his special request, and not upon any understanding with Smith; that Campbell's liability resulting from the transaction with Pucket was not so much a liability to be answerable for Smith's debt, but directly upon his own obligation to Pucket. He bound himself to indemnify Pucket from loss, not in the event that Smith did not do so, but primarily and absolutely in the event that Pucket had to pay the judgment; Campbell's liability was for the discharge of his own duty to fulfil this obligation and not to be answerable for Smith's default. With Smith, Pucket had nothing to do. His dealings were altogether with Campbell, and the liability he incurred was incurred on Campbell's account and on the faith of Campbell's undertaking to hold him harmless.

We hold, therefore, that there is no error in the judgment and that it ought to be affirmed.

Affirmed.