### RACHEL MULLER v. JOHN M. RIVIERE.

(Case No. 3941.)

1. STATUTE OF FRAUDS.— In consideration of plaintiff's promise not to foreclose a deed of trust (which he held upon a stock of goods), executed by the deceased husband of defendant, and of his promise to continue to furnish her goods, to be covered, as in the case of her husband, by the deed of trust, she, the defendant, promised verbally to pay off the amount due from her husband out of the proceeds of an insurance policy on her husband's life. *Held*, that the defendant's promise to pay the debt of her husband was not within the statute of frauds.

2. SAME.— The consideration of the new promise of the defendant springing, as it did, out of a new transaction, and moving to her upon a fresh and substantial ground of personal benefit to herself, the statute of frauds did not apply to that promise to pay the debt once due from her husband; but she made the debt her own by an original promise supported by a sufficient consideration.

APPEAL from McLennan.    Tried below before the Hon. L. C. Alexander.

The plaintiff in error sued in the district court of McLennan county for the sum of $3,450, due for moneys collected by defendant on two life insurance policies upon her deceased husband, George A. Muller, in favor of plaintiff in error as beneficiary, which sum, she alleged, had been collected by him, and that he had failed to account for the same.

Answer, admitting the fact of collection, but pleading that at the time of George A. Muller's death, on June 10, 1876, he, the said George A. Muller, was indebted to defendant in the sum of $1,784.53 for merchandise sold him; that on the 28th day of July, 1875, George A., who was quite poor, and then clerking for defendant, wanted to open an independent drug business on his own account, and that at his instance defendant made an engagement to furnish him with drugs, etc., on a credit, to the amount of $1,500, a portion of which was then and there delivered to him, and a deed of trust thereon (and covering future purchases) was then and there executed by him to secure defendant; that defendant continued to sell drugs to said George A. until he died, on June 10, 1876, at which time there was a balance due defendant from him to the amount of $1,784.53; that upon the death of said George A., plaintiff, his wife, desiring to continue his business on the same terms, promised defendant, in consideration of forbearance in the execution of his said trust deed, and in further consideration of future sales to her on credit, to pay to defendant the debt of her deceased husband out of the proceeds of the insurance policies on his life, when collected, which was accepted by defendant.    This occurred about

June 20, 1876, and on August 22, 1876, defendant collected the
policies, placed the money to plaintiff's credit on the account against
George A. Muller, and entered satisfaction on the note for $1,500,
secured by the mortgage; that about September 1, 1876, itemized
accounts were rendered plaintiff, showing this application of her
funds, to which plaintiff made no objection, and that about Febru-
ary 1, 1877, plaintiff's money in his hands gave out by reason of
payments made by him on her account, and that plaintiff owed
him, defendant, a balance on account, which he set up by way of
set-off, and asked judgment.

Defendant filed an original answer, and an amended answer to
plaintiff's petition, and in defendant's original answer it was averred
that plaintiff not only acquiesced in the appropriation by defendant
of the insurance money when collected, but with a full knowledge
of the fact thereafter that she ratified and confirmed the same. Also,
it was alleged in defendant's amended answer that the placing of
the insurance money to the account of George A. Muller on the
books of defendant was placing the same to the credit of plaintiff's
account; and in another part of the answer the allegation was made
that the defendant, after the promise made by plaintiff to pay the
indebtedness of her husband to him, she doing business in the name
of George A. Muller, he charged all items afterwards chargeable to
her on said account, and in continuation of said account of Geo. A.
Muller and in the name of Geo. A. Muller.

Judgment in favor of defendant on his plea in set-off for the sum
of $294.72. Plaintiff assigned as errors:

1. The action of the court in overruling objections to defendant's
testimony as to the parol promise of plaintiff to pay the debt of her
husband.

2. The refusal of the court to exclude said testimony on motion.

3. The refusal of an instruction asked upon the same point.

4. Error in the charge of the court.

5. The overruling plaintiff's motion for new trial.

*Clark & Dyer*, for plaintiff in error, on the statute of frauds as ap-
plicable to the facts, cited 1 Pasch. Dig., art. 3875; Warren *v.* Smith,
24 Tex., 484; Bason *v.* Hughart, 2 Tex., 476; Thwaits *v.* Curl, 6 B.
Mon., 472; Kingsley *v.* Balcome, 4 Barb., 131; Watson *v.* Randall,
20 Wend., 201; Campbell *v.* Findley, 3 Humph., 330.

*Charles Jennings* and *Herring & Kelly*, for defendant in error, on
statute of frauds, cited Lemmon *v.* Box, 20 Tex., 329; McCreary *v.*

Van Hook, 35 Tex., 639; Townsley v. Sumrall, 2 Pet. (U. S.), 182; Emerson v. Slater, 22 How. (U. S.), 44; 3 Parsons on Contracts (6th ed.), 24; Nelson v. Boynton, 3 Met., 400; Leonard v. Vredenburg, 8 Johns., 39; Farley v. Cleveland, 4 Cow., 432.

WALKER, P. J. COM. APP.— The charge of the court and the ruling upon the admissibility of evidence present the question whether such a contract, verbally made, as that which the defendant's answer alleges was made with him by the plaintiff for the payment of the debt of the plaintiff's deceased husband, was or not within the statute of frauds. It is insisted in the brief of appellant's counsel that the plaintiff's verbal promise was not made upon a sufficient consideration to create a liability for the payment of said debt, and was, therefore, within the statute; and also that, to constitute it a valid contract, it was essential that the original liability should have been extinguished by virtue of plaintiff's promise to pay it.

Neither of these propositions are maintainable. It is laid down in Emerson v. Slater, 22 How. (U. S.), 43, and in the text-books, that " whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability." Nelson v. Boynton, 3 Met., 400; Leonard v. Vredenburg, 8 Johns., 39; Farley v. Cleveland, 4 Cow., 432; Alger v. Scoville, 1 Gray, 391; Williams v. Leper, 3 Burr., 1886; Castling v. Aubert, 2 East, 325; 3 Parsons on Con. (6th ed.), 24.

" Nothing is better settled than the rule that, if there is a benefit to the defendant and a loss to the plaintiff consequential upon, and directly resulting from, the defendant's promise in behalf of the plaintiff, there is a sufficient consideration moving from the plaintiff to enable the latter to maintain an action upon the promise to recover compensation." 2 Addison on Con., 1002. And see Violet v. Patton, 5 Cr., p. 150; Chitty on Con., p. 28; Townsley v. Sumrall, 2 Pet., 182. If one, for sufficient consideration, undertake to pay a debt due to another by a third party, such undertaking is not within the statute of frauds. Monroe v. Buchanan, 27 Tex., 241.

What is to be regarded as a sufficient consideration, however, to take the promise out of the operation of the statute of frauds, involves the determination of the relation which the consideration in

the contract bears to the transaction itself. It is not sufficient that the consideration is merely a good one, to support a promise to pay a debt of the promisor to the promisee as an original undertaking, but, the promise being one to pay the debt of another, if a new and distinct consideration for the promise alone would take the case out of the statute, the statute would be entirely nullified.

It is said by Mr. Browne, in his treatise on the Statute of Frauds, sec. 214e (4th edition), that "It is not true, as a general proposition, that every transfer of value from the plaintiff to the defendant prevents the statute from applying to the defendant's promise, in consideration of such transfer of value, to pay to the plaintiff the amount owing to him by a third party. The mere passing of a new and independent consideration between the plaintiff and the defendant does not take the case out of the operation of the statute; and so far as some of the decisions depend upon the contrary, they cannot be regarded as law." Citing Fullam v. Adams, 37 Vt., 391; Maule v. Bucknell, 50 Pa. St., 39; Kelsey v. Hibbs, 13 Ohio St, 340.

But we think the deductions drawn by the writer from his review of the cases applicable to this subject, commencing with Castling v. Aubert, 2 East, 325, and Williams v. Leper, 3 Burr., 1886, and tracing their currents down to the present time, will sustain the view that the plaintiff's promise in the transaction and contract between them embraced a sufficient consideration to support her verbal promise to pay her deceased husband's debt, and that it was not, therefore, within the statute of frauds.

The defendant pleaded a sale and delivery of drugs, etc., to George A. Muller, plaintiff's husband, in his life-time, to wit, on July 28, 1875, the execution of a note for $1,500 and a trust deed by said George A. upon said drugs, and a continuous arrangement to let George A. make other purchases on a credit, payments to be made as the goods were sold, and future purchases to be covered by the deed of trust. He further pleaded that after the death of said George A. Muller, on June 10, 1876, the plaintiff agreed and promised, if defendant would not foreclose his trust deed on the stock of drugs, then of the value of $810.03, and would continue to furnish plaintiff drugs on a credit similar to his engagement with her husband, she, plaintiff, would pay to defendant the debt due him by her husband as soon as she collected the insurance moneys on her husband's life.

The defendant testified on the trial to the facts thus stated in the plea.

This contract was one that was independent of that which plaint-

iff's husband had made with the defendant upon which his estate was indebted to the defendant; the plaintiff's undertaking to pay the debt was founded upon an agreement with defendant under which she could retain the stock of drugs, and continue to keep her stock replenished by obtaining additional supplies of drugs on credit from the defendant. In consideration of such advantages to herself, she promised to pay the debt.

The rule is deduced by Mr. Roberts in his treatise on the Statute of Frauds, 232, "that if the consideration of the new promise spring out of any new transaction or move to the party promising upon some fresh and substantial ground of a personal concern to himself, the statute of frauds does not attach." Browne on Stat. Frauds, sec. 212.

This case seems to come within the above rule. Judge Blackford said, in Chandler v. Davidson, 6 Blackf., 368: "There are, no doubt, cases in which a verbal promise to pay the amount of another person's debt is an original promise, and not within the statute of frauds. They are cases, however, in which a new consideration passes at the time of the promise between the newly contracting parties, of such a character that it would support a promise to the plaintiff for the payment of the same sum of money, without reference to any debt from another." Citing 2 Stark. Ev., 478. The consideration here was not merely the defendant's forbearance to enforce his deed of trust, which would not be enough, of itself, to take the plaintiff's promise out of the statute (see Browne, Stat. Frauds, sec. 212, note 2, and authorities cited), but it was such an one as would support an action in favor of the defendant to recover against the plaintiff the amount of the original debt. If the defendant should, on his part, comply with his agreement to forbear the exercise of his right to foreclose his deed of trust, and had, besides, continued to supply the defendant on a credit with drugs as he had previously done to enable her husband to carry on business whilst he lived, such compliance, on his part, would have been a sufficient consideration to support his action against the defendant on her promise to pay the original debt. In Maule v. Bucknell, 50 Pa. St., 52, Justice Strong, in his classification of promises not within the statute of frauds, includes the case of a promise made in which the contract shows an intention of the parties that the new promisor shall become the principal debtor, and the old debtor become but secondarily liable. The contract between the plaintiff and the defendant seems to us fairly to belong to that class; for, by the terms of it, the defendant agreed to suspend his right to enforce his orig-

inal security, and to accept plaintiff's promise to pay the debt out of a certain and an abundant fund; and in connection with his stipulation to advance to plaintiff stocks of drugs as might be required by plaintiff, it would appear that the intention of the parties was to substitute the plaintiff as the principal debtor in respect to the old indebtedness; and that the liability of the estate of plaintiff's husband, and the security afforded by a deed of trust on a stock of drugs which the contract contemplated the plaintiff should sell and dispose of, would be thereafter looked to as merely a secondary resource for the collection of the debt.

Text-writers and judges have long recognized and deplored the irreconcilable conflict of decisions and the confusion and doubts incident to it, respecting the application of the statute of frauds to a verbal contract to pay the debt of another; and it seems that, in more recent years, a tendency has been exhibited by many well considered decisions in various states, to discard certain lines of decision on the subject made by courts, as being founded on an erroneous interpretation of the true meaning of the statute, and, therefore, the fruitful sources of misconception, error and confusion. See the able review of this matter by Chief Justice Poland, in Fullam v. Adams, 37 Vt., 391, and Browne on Stat. Frauds, sec. 212; also sec. 55, Brandt on Suretyship and Guaranty.

These references will cite to numerous cases where courts have acted upon the test simply of a new and original consideration of benefit or harm moving between the newly contracting parties, to take the promise to pay the debt of another out of the statute, following in doing so, the classification made by Chief Justice Kent in the celebrated case of Leonard v. Vredenburg, 8 Johns., 29. Later cases discard that view of the statute, and it seems now to be well established law, that neither such mere new consideration, however good and valuable, nor the mere fact alone that the leading object of the promisor is a benefit to himself, affords a test whereby to determine that the promise is not within the statute. Quoting from Brandt on Suretyship, sec. 56, that author concludes his comments upon the present state of the law on this subject, as follows: "Neither is the nature of the consideration a sufficient test. The true test is, what is the substance of the transaction between the promisor and promisee? If it is a mere promise to answer for another, it is within the statute. If it is a promise to pay the promisor's own debt in a particular way, it is not within the statute."

We are of opinion that the plaintiff's promise to the defendant, under the rule above quoted, was not within the statute of frauds.

The court did not err in refusing the charge asked by the plaintiff, to the effect that a parol promise to answer for the debt, default or miscarriage of another must not only be upon sufficient consideration, but extinguish the original liability. Browne on Stat. of Frauds, sec. 212, p. 249 (4th ed.). "It is well established," remarked Judge Poland in Fullam v. Adams, 37 Vt., 394, "that a parol promise to pay the debt of another, which still subsists in full force against him, in favor of another, may be binding upon such promisor."

We have considered with due attention all the assignments of errors contained in the brief of appellant's counsel, and the propositions of law also, presented under them, and without discussing them all in this opinion, we will simply say that, in our opinion, there is no error in the judgment for which it ought to be reversed. We think that those grounds of error assigned, which involve the questions that this opinion has determined, embrace the merits of this appeal.

AFFIRMED.

[Opinion approved June 15, 1883.]