A. J. SLEDGE v. G. M. RAYBORN.

(No. 5370.)

APPEAL from Hays County.   Opinion by WHITE, P. J.

W. C. HUTCHISON and COCKE, DENMAN & FRANKLIN, counsel for appellant.

WOOD, FISHER & FORD, counsel for appellee.

§ **303.** *Statute of frauds; parol promise to pay debt of another not within, when; case stated.*   Appellee sued appellant to recover $620.35, the balance alleged to be due upon an account, and recovered judgment for $537 and costs.   One item of the account sued upon is $900, which appellee alleged was justly due and owing him by appellant for a crop of corn and cotton turned over and delivered by appellee to one Richards at the special instance and request of appellant, who, in consideration

thereof, undertook and promised to pay appellee therefor the sum of $900, etc. On the trial appellee testified, over appellant's objection, that appellant had promised to pay him $900 for a crop of corn and cotton which he, appellee, had turned over and delivered to one Richards at the special instance and request of appellant. This evidence was objected to upon the ground that said promise was not in writing; was to answer for the debt of another, and was void under the statute of frauds. *Held:* The evidence was admissible, because the promise was not within the statute of frauds. "Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purposes of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability. Nothing is better settled than the rule that if there is a benefit to the defendant and a loss to the plaintiff consequential upon and directly resulting from the defendant's promise in behalf of the plaintiff, there is a sufficient consideration moving from the plaintiff to enable the latter to maintain an action upon the promise to recover compensation." [Muller v. Revere, 59 Tex. 640; Spann v. Cochran & Ewing, 63 Tex. 240; Browne on Stat. Frauds, 212; Reid on Stat. Frauds, 115; 3 Pars. on Con. (6th ed.) 24.]

§ **304.** *Relevancy of evidence; rule as to.* Appellant being a witness in his own behalf was asked, "What was the reasonable value of the crop sold by plaintiff to Richards, at the time it was so sold?" Which question would have been answered, "Said crop was not then worth $900, the price Richards purchased it for, but was of much less value." But this question was objected to and was not allowed to be answered upon the ground that it was irrelevant. *Held:* Appellant's object in propounding the question was to show the improbability

that he would have agreed to pay appellee $900 for the crop when it was not worth that amount, it being further shown by the evidence that at that very time appellee was indebted to appellant. With regard to appellant's liability for this particular item the evidence was conflicting, that is, as to whether or not appellant had promised to pay $900 or any other amount for said crop. *Held*, the proposed evidence was relevant and admissible. It is not necessary that the evidence, in order to render it relevant, should bear *directly* upon the issue. It is admissible if it *tends* to prove the issue, or constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it. [1 Greenl. Ev. (13th ed.) § 51*a*.]

May 18, 1887.                 Reversed and remanded.