**FERRELL et al. v. MILLICAN.**

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913. On Motion for Rehearing, April 19, 1913.)

1. APPEAL AND ERROR (§ 880*)—ERROR AS TO COPARTY — RECALLING JURY — RECEIVING AMENDED VERDICT.

Where plaintiff made no case against a defendant against whom a codefendant did not present a cross-action, and the jury failed to observe the direction of the court to find for defendant, the action of the court in recalling the jury and in receiving an amended verdict in favor of defendant was not prejudicial to codefendant, in the absence of anything to show that the jury had been improperly approached or influenced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

2. FRAUD (§ 37*)—ACTION—VENUE.

A defendant who failed to pay to a corporation a specified sum, as he had promised to induce plaintiff to return to the corporation money she had withdrawn, and who at the time of the making of the promise did not intend to fulfill it, was guilty of fraud within Rev. Civ. St. 1911, art. 1830, cl. 7, defining the venue in cases of fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 33; Dec. Dig. § 37.*]

3. TRIAL (§ 140*)—EVIDENCE—QUESTION FOR JURY.

The jury are the judges of the credibility of the witnesses and of the facts proved.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

4. FRAUD (§ 37*)—ACTION—VENUE.

Where a conversation embodying representations and promises relied on to constitute fraud was had in an office in a designated county, an action for the fraud was properly brought in the county.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 33; Dec. Dig. § 37.*]

5. CORPORATIONS (§ 88*)—STOCK SUBSCRIBERS—WITHDRAWAL OF MONEY PAID.

A subscriber of stock, who paid for the stock, may, on the failure of the corporation to issue stock, recover back the money paid with interest, in the absence of any complaint by any creditor of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 337–364, 425–428; Dec. Dig. § 88.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. FRAUD (§ 1*)—ACTS CONSTITUTING.

One who, with a fraudulent purpose, induces another by representations and promises to surrender the favorable position in which he has placed himself is guilty of fraud in fact.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 1–7; Dec. Dig. § 1.*]

7. INDEMNITY (§ 3*)—CONTRACTS—CONSIDERATION.

A promise by one to indemnify another in the event of loss in case the latter would pay money to a corporation is supported by a sufficient consideration where, in reliance on the promise, the payment is made.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 2–6; Dec. Dig. § 3.*]

8. FRAUDS, STATUTE OF (§ 20*)—INDEMNITY—VALIDITY.

A parol promise of indemnity, supported by a sufficient consideration, is not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 32; Dec. Dig. § 20.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by Miss Nola Millican against W. B. Ferrell and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Hunter P. Lane and Theodore Mack, both of Ft. Worth, for appellant. Bryan & Spoonts, of Ft. Worth, for appellee.

CONNER, C. J. [1] We are not disposed to disturb the judgment below on the ground urged in the first assignment that the court erred in recalling the jury and in receiving the amended verdict in favor of R. S. Ferrell. As in favor of the plaintiff in the suit, it cannot be said that either in the pleading or in the evidence was a case made against R. S. Ferrell, and the court very properly gave the jury in the first instance a peremptory instruction in his favor. The appellant, W. B. Ferrell, urged no cross-action against R. S. Ferrell, nor in the interim does it appear that the jury were improperly approached or influenced, and it is not apparent in any way that appellant was injured by the mere omission, on the part of the jury in the first instance, to observe the direction of the court to find in favor of R. S. Ferrell. Neither is it clear that the verdict, as originally entered, did not sufficiently authorize the judgment which at all events finally disposed of R. S. Ferrell. See Railway Co. v. James, 73 Tex. 18, 10 S. W. 744, 15 Am. St. Rep. 743, citing Pearce v. Bell, 21 Tex. 691, and Avery v. Avery, 12 Tex. 57, 62 Am. Dec. 513. However viewed, the action taken by the court constituted a mere irregularity or technical error which, as before remarked, in no wise seems to have prejudiced appellant, and the first assignment is accordingly overruled.

[2, 3] Nor do we assent to the proposition urged under the second and third assignments of error that "no evidence whatever" was adduced tending to show actionable fraud on the part of appellant committed in Tarrant county. As alleged, it was appellee's money that she was induced to advance to Ferrell Bros. Commission Company upon an express promise on W. B. Ferrell's part that he and others, who had withdrawn their funds from the company, would replace the same with assurances that, if appellee would do likewise she would be guaranteed against loss. Assuming, for the moment, that the money was in fact that of appellee and not of the commission company, there was evidence which undoubtedly tends to support appellee's allegations. It appears from her own evidence that the moneys were advanced upon the faith of the promise averred, which was not fulfilled, and one witness testified to the effect that appellant had stated to him that he had no intention of fulfilling the promise. If true, and of this the jury were the judges, the representations clearly constituted such fraud as to bring the case within the seventh clause of article 1830, Revised Statutes 1911. See Hunt Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451; Western Cottage Piano & Organ Company v. Griffin, 41 Tex. Civ. App. 76, 90 S. W. 884.

[4] This fraud, as must be imputed from the verdict of the jury under the court's charge, was committed in Tarrant county; appellee testifying, among other things, that the conversation to which she referred and which evidently embodied the representations and promises charged was "in the office," which undoubtedly was situated in Tarrant county. And in this connection it may be well to observe that appellant requested, and the court gave, his special charge No. 1 on the subject which called upon the jury to find only upon the issue of fraud, in effect, assuming that, if the transactions relied upon constituted fraud, such fraud was committed in Tarrant county.

[5] But it is urged that the money replaced was not the money of appellee, and that however fraudulent may have been the representations and promises of W. B. Ferrell, and whatever reliance thereon may have been placed by appellee, she was thereby induced to do only what she was under legal obligations to do, viz., return into the treasury of the company money that was owned by the company. Let it be assumed that the money withdrawn was that of the corporation. We yet are of opinion that the circumstances are sufficient to constitute a fraud. Giving to the evidence a construction most favorable to appellant, it seems undisputed that appellee had originally invested her money with the commission company as a subscriber for stock, but it is undisputed that no stock was ever issued to her. Under such cicumstances, appellee would have a legal right to recover the money so paid by her, with interest thereon. Says the author of 10 Cyc. p. 371: "A purchaser of stock in a

corporation to be formed is not restricted, upon failure to issue shares after payment therefor, because the corporation is enjoined against it, to an action for damages for breach of contract; but he may after the expiration of a reasonable time demand and recover back the money paid with interest." See, also, the same authority, p. 394, cl. "e," pp. 437–447. Again it is said in clause "f," p. 1328, of the same authority: "Where, on the dissolution of a private foreign corporation, all debts are satisfied, and no receiver has been appointed to wind up its affairs, the title to its property vests in the shareholders as tenants in common so that they may bring action of trespass to try title as to such property." The rights of a stockholder under the same circumstances under our own statutes we think would not be less. See chapter 10, tit. 25, Revised Statutes 1911.

We think it is to be fairly inferred from appellee's testimony that, at the time she withdrew her money from the funds of the commission company, it was at least in a precarious financial condition, and that, in the light of the fact that W. B. Ferrell had withdrawn his money and permitted others to withdraw their money, appellee in equity was authorized to treat the money that she placed with the company for stock as her own and to withdraw it; it appearing that she did so without being guilty of a breach of the peace, and it not appearing from the record herein that the corporation or any creditor thereof is complaining, the only complaint being that of appellant, whom the proof shows had, as before stated, withdrawn the money by him subscribed and paid in. Under the circumstances stated and the authorities cited, which we think are supported in reason, that, as against the commission company or W. B. Ferrell himself, appellee undoubtedly could have successfully resisted a suit for the recovery of the money.

[6] This being true, appellant, by his representations and promises, induced appellee to forego and surrender the favorable position in which she had placed herself; and this having been done with the fraudulent purpose of noncompliance constituted a fraud in fact.

[7] These conclusions, under well-settled principles relating to the subject, also extend to the further objection that there was no consideration for appellant's promise to indemnify appellee in event of the ultimate loss of her money.

[8] It is still further insisted that appellant's promise, being oral, was within our statute of frauds, and hence not enforceable. Appellant cites in support of this contention, the case of Gansey v. Orr, 173 Mo. 532, 73 S. W. 477. The case referred to is well reasoned and written and seems to clearly uphold appellant's contention. The decision, however, recognizes the fact that the authorities on the subject are conflicting, and our courts, we think, have adopted the contrary view, distinctly and frequently holding that a promise of indemnity upon sufficient consideration will be upheld. See Lemmon v. Box, 20 Tex. 329; Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291; Spann v. Cochran, 63 Tex. 240; Morris v. Gaines, 82 Tex. 257, 17 S. W. 538; Thompson-Houston Electric Co. v. Berg, 10 Tex. Civ. App. 200, 30 S. W. 454; Campbell v. Pucket, 1 Posey, Unrep. Cas. 465; Heidenheimer Bros. & Jones v. Johnston, 1 White & W. Civ. Cas. Ct. App. §§ 645, 646. We need not here undertake to enlarge upon the reasoning of our own cases, but conclude that they fully support the view that appellant's promise of indemnity, under the circumstances alleged and shown by appellee, was an original promise not within our statute of frauds.

The foregoing conclusions, we think sufficiently dispose of all questions presented by appellant's assignments of error. They are therefore all overruled, and the judgment affirmed.

### On Motion for Rehearing.

Our attention has been called to a mistake of statement in our original opinion. The evidence does not show that W. B. Ferrell had withdrawn the money put into the corporation by him, but instead that others had been permitted to withdraw their money and that he had failed to place in the treasury of the company the $500 as he so promised in order to induce appellee to return the money by her withdrawn. We do not regard the mistake as having any material effect upon our original conclusion, but the correction has been made for the purpose of accuracy.

We on all points originally determined remain of the same conclusion, and the motion for rehearing is overruled.