## FARMERS' NAT. BANK v. SMITH et ux.
### (No. 6828.)

(Court of Civil Appeals of Texas. Austin.
Jan. 14, 1925.)

**1. Fraud ⚌3—"Fraud" defined.**

Actionable "fraud" exists where one makes false representation of material fact knowing it to be false, or of his own knowledge, when he does not know whether it is true or false, intending to induce person to whom it is made to do or refrain from doing something to his pecuniary hurt, which intent is accomplished.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

**2. Vendor and purchaser ⚌37(1)—False representations by vendor's agent, which induced purchase, held ground for cancellation of deed and notes.**

False representations by vendor's agent that he had sold lot in same addition to wealthy person who was going to build handsome residence thereon, which induced vendee to purchase lots, *held* ground for cancellation of deed and notes for fraud, within Vernon's Ann. Civ. St. Supp. 1922, art. 3973a.

**3. Vendor and purchaser ⚌44—Evidence held to warrant finding that false representations of material fact by vendor's agent induced vendee to purchase lots.**

Evidence *held* to warrant finding that false representations of material fact by vendor's agent induced vendee to purchase lots.

**4. Vendor and purchaser ⚌37(1) — Vendee held entitled to cancellation of deed and notes for fraud of vendor's agent.**

Vendee, who tendered reconveyance to vendor on discovering that representation of vendor's agent which induced purchase of lots was fraudulent, within Vernon's Ann. Civ. St. Supp. 1922, art. 3973a, was entitled to cancellation of deed and notes given for price.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by the Farmers' National Bank against R. A. Smith and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Oxford & Johnson, of Stephenville, for appellant.

Chandler & Pannill, of Stephenville, for appellees.

BLAIR, J. The appellant, the Farmers' National Bank, as assignee of two certain promissory notes executed by Dollie McCalister to W. H. Frey, who was president of said Farmers' National Bank, for the sum of $300 each, sued appellees R. A. Smith and Dollie Smith (neé Dollie McCalister) thereon. The petition sought to subject the separate property of said Dollie Smith and the community property of herself and R. A. Smith to the payment of the debt. Appellant also sought to foreclose a lien on two certain lots situated in the town of Stephenville, in payment of which the notes were executed.

In addition to formal answers and certain special exceptions filed by appellees, they answered that the execution of the notes in suit was obtained by fraud, and asked for a rescission and cancellation of the deed conveying them the two lots for which the notes were executed. For specific allegation of fraud appellees represented that W. A. Pickett, the agent of W. H. Frey, represented to the said Dollie McCalister, now Dollie Smith, and he (Pickett) sold a lot in the addition in which these lots were situated to a wealthy man from Desdemona, Tex., who had made arrangements to build a handsome residence thereon. She further alleged that, if said representations had been true and the improvements made, the lots would have been well worth the price paid therefor, but without them they were practically worthless, not exceeding the value of $75 each; that said representations were false and known to be false by W. A. Pickett at the time he made them; that no lots had been sold to a wealthy man at Desdemona, and no arrangements had been made for the erection of a handsome residence near these lots.

The case was submitted to a jury upon special issues, and they found that the above representations were made by W. A. Pickett to Dollie Smith; that they induced her to purchase the property; and that they were material. The trial court rendered judgment upon their answers to the special issues, from which this appeal is perfected. We think the jury's verdict should be sustained, since the testimony of appellees was substantially the facts alleged in their petition.

[1, 2] The principal attack made by appellant upon the jury's verdict and the judgment of the court is that the allegations of fraud and proof thereof are not sufficient as a matter of law to cancel the notes and deed and rescind the contract for fraud, in that the acts of fraud alleged had to do with a future transaction by a third person not connected with the lots sold. We overrule these propositions without specifically referring to them. The fraudulent representations were not as to future acts, but past acts, and the proof is ample to sustain the charge that the purchase of the lots and the execution of the notes in payment therefor were induced by fraud. Article 3973a, Vernon's Civil Statutes 1922, provides:

"Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

party would not have entered into said contract, provided however that whenever a promise thus made has not been complied with by the party making it within reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason."

The general rule as to what constitutes actionable fraud is:

" 'Actionable fraud' exists where one makes a false representation of a material fact knowing it to be false, or of his own knowledge, when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do or to refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain to his damage." Wortman v. Young (Tex. Civ. App) 221 S. W. 660.

See, also, Ferrell v. Millican (Tex. Civ. App.) 156 S. W. 230; Richmond v. Hog Creek Oil Co. (Tex. Civ. App.) 229 S. W. 563; 20 Cyc. p. 13.

[3] We think appellees have brought this case clearly within the provisions of article 3973a, supra, and within the rule above announced as to what constitutes actionable fraud. Appellee Dollie Smith testified that Pickett, with whom she was well acquainted, and had confidence, and who had represented them in the closing of her father's estate, approached her to sell her the lots in question; that he told her that they were worth $300 each; that he had sold a lot back of these lots to a wealthy man from Desdemona, who was going to erect a fine residence thereon; that she considered if these improvements were made the lots would be well worth the money she was paying for them, and believed the representations made, and would not have bought the lots and executed the notes but for said representations.

W. D. McCalister, a brother of Mrs. Smith, who was present at the time of the conversation and representations made by Pickett, substantially corroborated Mrs. Smith that these statements were made by Pickett. Based upon this testimony, the jury found, as above stated, findings which constitute fraud on the part of Pickett who represented W. H. Frey in making the sale of the lots to appellee; and this testimony sufficiently supports the verdict of the jury, and the judgment of the court thereon will not be disturbed.

[4] Appellant next contends that the facts in this case would not entitle the appellees to a rescission and cancellation of the deed of conveyance to them and of the notes, but that their only remedy would be a suit for damages. We overrule this assignment.

The appellee Mrs. Smith alleges and testifies that, so soon as she learned that the representations made to her by W. H. Pickett were not made in good faith, she went to the said W. H. Frey and told him that she was ready to reconvey him the lots because of these misrepresentations, but that Frey refused to accept the deed, and stated that the matter was with Pickett. Appellees tendered into court their deed reconveying the property because of the fraudulent representations, and the jury having found that the contract was induced by fraud, it vitiated the contract, and the proper order is to cancel the deed and notes involved in this suit. Miller v. McAden (Tex. Civ. App.) 253 S. W. 901.

The judgment of the trial court is in all things affirmed.

Affirmed.