## BINGE v. GULF COAST ORCHARDS CO. et al.

### No. 9221.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 17, 1934.

Rehearing Denied Feb. 14, 1934.

A. G. Haigh and Brown & Bader, all of Edinburg, for appellant.

B. D. Kimbrough, of McAllen, for appellees.

MURRAY, Justice.

Appellant, H. Binge, instituted this suit seeking to recover the sum of $500 from appellees, Gulf Coast Orchards Company and

D. E. Kirgan, which appellant alleged was due him as a result of a contract entered into with him by appellees.

The trial court sustained a general demurrer to appellant's petition, and upon appellant's refusal to amend dismissed the cause from the docket.

The primary question here presented is, Did appellant's petition state a cause of action?

The Templeman Bros. were liable for the payment of certain vendor's lien notes secured by a lien on 80 acres of land. B. S. Graham held these notes, but they were in truth and in fact the property of the Gulf Coast Orchards Company, of which company D. E. Kirgan was the president and general manager.

■ The notes were past due and appellant undertook to secure an extension of the time of payment. In this connection appellant discussed the matter with D. E. Kirgan. Binge, the appellant, informed Kirgan that the Templemans wanted him to loan them $500 to be applied on this past due indebtedness but that he would not do so because he could not afford to lose the money. Kirgan informed Binge that if he would make a $500 payment on the notes for the Templemans, that he and his company would return to Binge the $500 in the event they took the land either by foreclosure or by any other method. With this understanding Binge gave his check to Kirgan and Kirgan indorsed it to his company, which cashed the check. Later the company took the land and Binge brought this suit to recover the $500 under his alleged contract with Kirgan and the orchards company. The above facts are set out in appellant's petition, and, as against a general demurrer, are to be accepted by us as absolutely true.

■■ The above facts show a contract based upon a promise for a promise. Binge promised to advance $500; appellees agreed to return the money in the event they later took the land. It is clear that ordinarily a contract based upon a promise for a promise is a valid contract. It is contended by appellees that this contract is void for want of consideration. Unquestionably, if the Templemans had made this payment there would have been no consideration for the promise to repay for the reason that they owed the notes and were legally bound to pay them. The company held the notes and had the legal right to receive such payment and there would have been no consideration for the agreement to repay. Appellees would have received nothing more from the Templemans than they already had a perfect legal right to receive. On the other hand, Binge did not owe the legal duty to advance the $500, neither did appellees have the legal right to receive the $500 from Binge. Thus as a result of this agreement Binge was induced to pay the $500 which he did not theretofore owe the legal duty to pay, and appellees received the $500 which they did not theretofore have the legal right to require Binge to pay. Therefore, we think, the contract was based upon a consideration.

■■ Appellees further contend that this contract constituted an agreement on their part to answer for the debt of another and was under the statutes of fraud void, because not in writing. We do not agree with this contention for two reasons, in the first place, there being consideration for the agreement, it was binding on appellees, even though it constituted an agreement to pay the debt of another, and, in the second place, this was an agreement between appellees and Binge and was not an agreement to pay the debt of another, but an original contract with Binge to return the $500 to him in the event they took the land.

■ Appellees' third contention is that this agreement constituted a loaning of the credit of the corporation to another which is prohibited by articles 1348 and 1349 (Vernon's Ann. Civ. St.). These articles prohibit a corporation from gratuitously lending its credit. This agreement was not gratuitous but was entered into for the purpose of getting $500 from Binge, which Binge refused to deliver to them only upon their promise of repayment in the event the land was taken by appellees.

The petition stated a cause of action and the general demurrer should have been overruled.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

We have very carefully considered the very able motion for a rehearing, filed herein by appellees, but we are still of the opinion that the proper disposition was made of this cause in our original opinion.

Appellees strenuously urge that appellant's, Binge's, promise to pay $500 on the notes of the Templemans was an unwritten promise to answer for the debt of another, and therefore void under the statute of frauds. (Vernon's Ann. Civ. St. art. 3995).

■■ We are well aware of the fact that where a contract is based upon a promise

for a promise both promises must be valid, enforceable promises or there is want of consideration. If Binge's oral promise to pay the $500 on the notes was void, as being against the statute of frauds, there would be no consideration on his part and the contract would be unenforceable.

We conclude that the promise made by Binge was a binding and enforceable promise.

In the first place, Binge did not agree to see that $500 was paid or to guaranty the payment of $500, but, on the contrary, he made the direct promise according to the allegation contained in the petition that he would pay $500.

In Simkins on Contracts (3d Ed.), beginning on p. 99, we find the following: "The nature of the promise is one of guaranty or suretyship, not indemnity. The importance of this distinction is, that if the promise is one of guaranty, it falls within the statute and must be in writing, but if it is construed as indemnity, it is without the statute and need not be in writing in order to recover." Citing Slayden v. Ellison (Tex. Civ. App.) 68 S. W. 715; Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291; Heidenheimer, etc., v. Johnston, 1 White & W. Civ. Cas. Ct. App. § 646.

On the other hand, Binge had, according to the petition, executed his promise. He had paid the $500. The fact that his promise was executed was sufficient to take it out of the statute of frauds. Simkins on Contracts (3d Ed.) page 113, reads as follows: "Rule IV. Though the contract, as made may be within the statute, yet if the consideration has been paid, or it is wholly executed on one side, then the statute does not apply."

Binge has wholly executed his promise and therefore if it was originally void as being against the statute of frauds, it was taken out by its performance. It has now become immaterial whether or not Binge could have been forced, under the law, to carry out his promise. He has actually carried it out. His promise is wholly executed and he is in a position to call upon the company to carry out its promise.

Appellees do not directly insist upon the question of agency, but there is some argument to the effect that Binge was the agent of Templeman Bros., and that therefore his acts were the acts of the Templemans, and that this contract should be viewed as though it had been entered into by the Templemans directly. We conclude that the petition permits of the interpretation that Binge was not acting as the agent of the Templemans at the time he entered into the contract, and it becomes our duty to construe the pleadings in the most favorable light to the pleader, when considering whether or not it is subject to general demurrer.

Appellees' motion for a rehearing is overruled.