**BINGE v. GULF COAST ORCHARDS CO. et al.**

No. 9744.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1936.

Rehearing Denied May 6, 1936.

Brown & Bader and A. G. Haigh, all of Edinburg, for appellant.

Griffin & Kimbrough, of McAllen, for appellees.

MURRAY, Justice.

This is the second appeal of this case. See Binge v. Gulf Coast Orchards Company (Tex.Civ.App.) 67 S.W.(2d) 1045. On the former appeal the trial judge had held that Binge's petition was subject to a general demurrer and entered judgment dismissing the cause. This court held that Binge's petition did state a cause of action, and remanded the cause for a trial upon the merits.

The appeal is again by Binge, from an adverse judgment in the trial court. This suit was originally instituted in the 93d district court of Hidalgo county by appellant, H. Binge, against the appellees, Gulf Coast Orchards Company and D. E. Kirgan, seeking to recover the sum of $500 paid by Binge to appellees upon an indebtedness owed by the Templeman Brothers; Binge contending that appellees had promised to return to him said $500 in the event they took over the property of Templeman Brothers, a lien against which was in existence to secure the Templemans' indebtedness. Interest at the rate of 6 per cent. was also prayed for by Binge. It was alleged that the property had been taken over and that Binge was entitled to recover the $500 with interest.

After the cause was remanded on the former appeal, Binge dismissed his cause in the 93d district court and refiled it in the 92d district court of Hidalgo county. A trial was then had on the merits. The cause was submitted to the jury upon two special issues, as follows:

1. "Did D. E. Kirgan orally promise plaintiff that the Gulf Coast Orchards Company would repay the $500.00 advanced by plaintiff, for the Templemans?" To which the jury answered: "Yes."

2. "Was the promise of repayment of the $500.00 to plaintiff made on February 12th, 1930?" To which issue the jury answered: "Yes."

Notwithstanding this verdict of the jury, the trial judge entered judgment for appellees and that appellant, Binge, take nothing by reason of his suit. This action of the trial court seems to have been based upon the theory that Binge's cause of action was barred by the two years' statute of limita-

814

tion, and that certain letters introduced in evidence were not sufficient in law to constitute a renewal of the cause of action or an acknowledgment of its justness and a promise to pay the money. From the judgment rendered, Binge has prosecuted this appeal.

 It is clear that at the time appellant filed his suit in the 92d district court more than two years had elapsed since the accrual of his cause of action. Appellant attempts to defeat limitation on the theory that the running of limitation had been tolled during the period his cause of action was pending in the 93d district court; his exact contention being that the 93d district court did not have jurisdiction of his cause of action, and that under the provisions of article 5539a, Vernon's Ann.Civ.St. (Acts 1931, 42d Leg., p. 124, ch. 81, § 1), the period between the date of filing this cause in the 93d district court and the date of filing in the 92d district court should not be counted as a part of the period of limitation.

This brings us to the question of whether the 93d district court had jurisdiction of appellant's cause of action. We conclude that it did. The suit was for exactly $500, plus interest; not interest such as is contracted for in a note, or provided for by statute on written contracts and open accounts, but interest as damages for the loss of the use of money. The interest to be excluded in determining the jurisdiction of a court is interest eo nomine, and does not include interest asked for as damages or compensation.

As was said in McNeill v. Casey (Tex. Civ.App.) 135 S.W. 1130, 1131: "The settled rule in this state * * * seems to be that when interest is sought eo nomine, as flowing from and incident to the contract in writing sued upon, it will not be taken into account in determining the jurisdiction of the court; but the contrary is true where the same is sued for as an element of damages arising from the breach of the contract, and where the same is not specially recoverable as due under the contract itself."

In Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 378, 33 L.R.A. 163, the court said: "Where the statute does not expressly provide for the recovery of interest, it is allowed, not eo nomine—that is, not as interest,—but merely as damages. It would probably be more correct to say that that rate of interest is resorted to in order to measure the damages accruing from the loss of the use of the money."

Clearly the amount in controversy in this suit was in excess of $500. Therefore, the 93d district court had jurisdiction and said article 5539a does not apply. It follows that the claim for $500 as a result of the oral promise to return the money was barred by the two years' statute of limitation, unless the letters offered in evidence were sufficient to overcome the bar of limitation.

Kirgan's letters were in response to letters written to him by Binge. The letters will be here copied.

On December 15, 1930, Binge wrote the following letter to D. E. Kirgan:

"My dear Mr. Kirgan:

"Owing to some notes becoming due on Dec. 22, I would be very glad if you would let me have $200.00 of the $500.00 left with you last spring.

"Hoping you will be able to do this, I remain with best wishes,

"Yours very truly, H. Binge
"Edinburg, Texas, Rt. 1."

On December 27, 1930, Kirgan replied to the above letter as follows (on letterhead of Gulf Coast Orchards Company):

"Mr. Herman Binge,
"Edinburg, Texas
"Dear Herman:

"Have your letter of December 15th, and owing to the fact that we have not sold any part of Lot no. 16, Section No. 256, but have gone to the extra expense of taking up the outstanding notes on this property and set over twenty acres of it to trees, this has been, as you will realize, considerable expense to us up to this time.

"We hope within the month of January to dispose of at least part of this property, and, just as soon as some cash is received on it, we will be happy to grant your request in the above letter.

"Business has been extremely slow and the expense of an organization must be met, and this has drained our resources to the straining point.

"Thanking you for all past courtesies, beg to remain

"Sincerely yours,
"DEK/C D. E Kirgan, President."

On April 29, 1931, Binge again wrote Kirgan, as follows:

"Mr. D. E. Kirgan
"Weslaco, Texas
"My dear Mr. Kirgan:

"While passing former Templemans' place, I noticed that groves put on there were sold. You and Mr. Graham probably

overlooked promise made me by yourself and Mr. Graham in your office in Weslaco, that you would give me back $500.00 turned over to you on February 12, 1930. Please let me know your intentions about this deal. Hoping to hear from you soon, I remain,

"Resp. yours, H. Binge,
"Edinburg, Texas, Route 1."

On April 29, 1931, Kirgan replied as follows:

"Mr. Herman Binge
"Edinburg, Texas
"Dear Mr. Binge:

"Beg to acknowledge receipt of your letter of April 20th, and want to assure you that Mr. Graham and I have not overlooked the promise we made to you on the return of the $500.00 which you posted with us, endeavoring to assist Mr. Templeman.

"To start with, we took up the outstanding notes on this tract of land when we foreclosed on it. We then paid the accumulation of taxes on same, prepared it for groves, and set it, as you will observe, to fine trees for which we were compelled to pay. This was all done before this property was offered for sale.

"We have contracts for the most of this land, but, the unfortunate part is that in practically all of our sales, a check for $500.00 or $1000.00 is all that has been received on each one with five or six months for the balance.

"Since we have received only a portion of the money which we have had to invest in this property, we assure you that your claim will be taken care of just as quick as this money comes in.

"Sincerely yours,
"DEK/C D. E. Kirgan, President."

On November 21, 1931, Binge again wrote Kirgan, as follows:

"Mr. D. E. Kirgan
"Weslaco, Texas.
"Dear Sir:

"Owing to loss of money on laundry, etc. and having note due in bank, I have to ask you to pay me $500.00 turned over to you on February 12, 1930. You undoubtedly can pay amount now, since it is over sixteen months ago, when you promised to pay me.

"Please let me hear from you at once as I cannot wait any longer, since other people are pressing me for money due them.

"Yours very truly H. Binge
"Edinburg, Texas, Route 1.
"P. S. H. K. Powell asked me if I thought you had any intentions to pay me. I have told him that I thought you would, without any trouble."

On November 23, 1931, Kirgan replied as follows:

"Mr. Herman Binge
"Edinburg, Texas
"Dear Herman:

"I have just received your letter of November 21st, in reference to the five hundred ($500.00) dollars which you advanced for your good friend, Mr. Templeman, on lot No. 16, section No. 256. After you did this, we were compelled to take this property over to protect the interest we had in same.

"We have spent considerable money since that time in setting the entire tract to trees. We have contracted part of this property, and are receiving payments on two of these tracts monthly in order to enable the owners to carry on their deal. This has been necessary on account of the bad economic conditions in the North.

"I have stated to you that when we sold this and received our money on same that we would return the $500.00 to you. We hope to have this worked out without much further delay, and we will then be able to pay you this money.

"In the meantime we have had the cash money of this company tied up in our bank here which was closed, and since we expect to reopen it the latter part of this week, this money will be tied up on depositors' agreement from twelve to twenty-four months.

"I believe you recognize the fact that the majority of people in taking this property over would not have protected you on this money.

"When it is possible for us to get this money, we intend passing it on to you.

"Very truly yours,
"DEK/C D. E. Kirgan, President."

█ The question is: Do these letters written upon the stationery of the Gulf Coast Orchards Company and signed, "D. E. Kirgan, President," when fairly construed, in the light of all the testimony, constitute an unqualified acknowledgment of the justness of the debt sued on and an unqualified promise to pay, either expressed or implied?

We conclude that this presented a question of law to be decided by the court, and not a question of fact to be presented to the jury. Berry v. Harnage, 39 Tex. 638; Cook v. Dennis, 61 Tex. 246. There were probably fact questions raised with ref-

erence to which transactions these letters referred, and these questions might properly have been submitted to the jury. Long v. McCauley (Tex.Sup.) 3 S.W. 689. Appellant here makes no complaint of the trial court's failure to submit any of these issues, and by such conduct waived such matters. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084.

■ It will be borne in mind that there was a sharp contradiction in the contentions of the parties herein as to where, when, and what was promised Binge.

Kirgan, while denying that he promised Binge, on February 12, 1930, before the $500 was paid by Binge, that he and the Gulf Coast Orchards Company would return the $500 to Binge in the event they took over the land owned by the Templeman Brothers, admitted that, in his office, in the presence of one Graham and others, some time after the money had been paid, he did promise Binge to return to him the $500, if and when he and his company had been fully reimbursed on the Templeman deal. Binge contended that the promise was made before he paid the money, by Kirgan, not in his office, but on the street, and that no one was present but Kirgan and himself. This was a hotly contested point in the case, because the agreement was not legally binding unless made before the money was paid. Binge v. Gulf Coast Orchards Company (Tex.Civ.App.) 67 S.W.(2d) 1045.

It would seem that, considering all of these letters as a whole, the trial court was justified in concluding that they referred to the promise made after the money was paid, rather than to the promise made before the money was paid.

In the first letter written by Binge he requested only $200 of the $500 left with Kirgan "last spring." Kirgan, in his first letter, does not grant this request, because he has not sold the land. This is not an unqualified admission of Binge's contention, but more of a reiteration of his contention that the money was to be repaid only after he and his associates had been fully reimbursed.

The second exchange of letters refers to the promise made by Kirgan and Graham, in the office in Weslaco, which is in keeping with Kirgan's contention and against Binge's contention. Binge further states that he is writing because he has noticed that some of the Templeman land had been sold, further supporting Kirgan's contention. Kirgan in his reply states pointedly: "Since we have received only a portion of the money which we have had to invest in this property, we assure you that your claim will be taken care of just as quick as the money comes in." This statement is in keeping with Kirgan's contention.

In his third and last letter, Binge refers to a promise made him over sixteen months ago. The date of the letter is November 21, 1931. Sixteen months would lack four months of being February 12, 1930, but would be in keeping with the time Kirgan stated the promise was made. In Kirgan's reply he states: "I have stated to you that when we sold this and received our money on same that we would return this $500.00 to you," apparently again insisting that he and his associates must be first paid.

It is clear that the trial judge properly construed these letters, either taken separately or collectively, as not meeting the requirements of article 5539, R.C.S.1925, which provides, in effect, that an acknowledgment of the justness of a claim made subsequent to the time it becomes due shall be sufficient to take the claim out of the bar of limitation, provided it is signed by the party to be charged thereby.

It would seem from these letters that Kirgan was making the same contention therein that he made at the trial, that is, that the promise was only a gratuitous one made after the payment of the $500, and upon the condition that he and his associates were to be first fully reimbursed.

It seems there would be serious doubt as to whether the Gulf Coast Orchards Company could be charged, in any event, under the provisions of article 5539, supra, as the letters were only signed by D. E. Kirgan, president. However, the conclusions herein stated render this question immaterial.

There is nothing inconsistent between the verdict of the jury and the judgment, entered by the trial court. The oral promise found by the jury to have been made in February, 1930, was clearly barred by the two years' statute of limitation, and appellant failing to point out to us any reason why the trial court should not have so held as a matter of law, we see no reason why the trial judge should not have entered the judgment which was entered.

Accordingly, finding no error in the record, the judgment will be affirmed.