## HUBER *vs.* ELY.

The defendant, on purchasing a glass factory, of E., including all its earnings during so much of a "fire" as had then elapsed, agreed with the vendor that he would pay the laborers the wages which had already accrued, as well as those which should thereafter accrue, during such fire. *Held* that this was not a case affected by the statute of frauds; but that the defendant, having derived a benefit by means of the undertaking, and having funds placed in his hands for the payment of the indebtedness, which he had promised, in consideration thereof, to discharge, was liable to a laborer for his wages during the entire "fire."

APPEAL from a judgment entered upon the report of a referee, in an action for work and labor. The referee found, among other things, the following facts: 1. That on or before the 18th day of March, 1861, William C. Ely owned a glass factory in the village of Clyde, in the county of Wayne, N. Y., and as such owner employed the plaintiff, as master shearer, to work for him during what is termed "the fire," at $55 per month, and house rent and fire wood. This fire commenced March 18, 1861, and ended August 12, 1861. 2. That on the 9th day of May, 1861, the said William C. Ely sold the factory, including all its earnings during so much of said fire as had then elapsed, to Linus Ely, the defendant in this action, who, on and by the purchase, acquired all the benefits, and assumed all the liabilities and burdens in respect to this fire with which the said William C. Ely was charged, or which he had assumed, including the payment of laborers' wages accrued and to accrue during such fire. 3. That the plaintiff faithfully and skillfully performed his duties as such master shearer, and in all respects conducted himself in and about the said business with proper care and skill during the whole fire, as well after as before said 9th day of May, 1861. 4. That there was a balance of account due to the plaintiff, at the date of the report, amounting to $144.13. And that for that sum, with costs, the plaintiff was entitled to judgment. The defendant appealed.

*Vandenbergh & Baker*, for the appellant.

*C. D. Lawton*, for the respondent.

*By the Court*, JOHNSON, J.   If the fact found by the referee in his second finding of facts is sustained by the evidence, there can be no question in regard to the defendant's liability to pay the plaintiff for all his labor during the entire "fire." According to this, the defendant purchased the property, with all the advantages and avails of the plaintiff's labor, before the term of his labor had half expired, and agreed with the vendor, in consideration, to pay the plaintiff for that portion of his work which he had already performed, the plaintiff to continue and complete the term of his labor.   This is not a case affected by the statute of frauds.   It is the promise of one deriving a benefit by means of the undertaking, and having funds placed in his hands for the payment of the indebtedness, which he promises, in consideration thereof, to discharge.   (*Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268.   *Mallory* v. *Gillett*, 21 *id.* 412.   *Burr* v. *Beers*, 24 *id.* 178.)

It can not be said that this finding is destitute of evidence to sustain it.   Indeed it appears to me that the preponderance of the evidence is decidedly in favor of the finding.   The other questions were all, I think, properly decided by the referee.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 4, 1865.   *Johnson, E. Darwin Smith* and *James C. Smith*, Justices.]