## FREDERICK RABBERMANN

*v.*

## FREDERICK WISKAMP.

STATUTE OF FRAUDS—*promise to pay the debt of another.* A had secured a contract for the building of a house. B took the contract from him at a certain price, agreeing, verbally, to pay for some hauling of materials for the building, which had been done by third parties for A: *Held*, in an action by one of those who had done the hauling, against B, the promise of B was not within the statute of frauds, which requires a promise to answer for the debt of another to be in writing.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Hillery Talbert, having obtained a contract for the building of a school house, let Rabbermann have it at a sum agreed upon between them, Rabbermann agreeing at the same time to pay for certain hauling which had been done by other parties, of materials for the building. Wiskamp, being one of the persons who had done such hauling, sued Rabbermann therefor. The latter contends the promise was to answer for the debt of another, and, not being in writing, is within the statute of frauds.

Mr. M. W. WEIR, for the appellant.

Messrs. KASE & WILDERMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action originally brought before a justice of the peace of St. Clair county, by Frederick Wiskamp, against Frederick Rabbermann, resulting in a judgment for the plaintiff for $10.50. The defendant appealed to the circuit court,

where, on a trial by jury, a verdict was returned for plaintiff for the same amount. A motion for a new trial was overruled and a judgment rendered on the verdict, to reverse which the defendant appeals to this court.

This is a very small case—one which should not have been brought to this court. The decision of two juries that the appellant is justly indebted to appellee $10.50 should terminate the controversy.

We do not think the question of the statute of frauds arises in the case. As we understand the facts, appellant took the contract to build the school house, of Talbert, for $1000, and to pay for hauling that had been done by appellee for Talbert, of materials for the building. It is just that appellee should have his pay, and it is proved appellant, when he got the contract, promised to pay him. It was a part of the subject matter of the contract.

The judgment must be affirmed.

*Judgment affirmed.*