## VANNESS v. DUBOIS ET AL.

CONTRACT.—*Dissolution of Copartnership.*—*Agreement to Pay Partnership Indebtedness.*—*Action for Breach of.*—A member of a partnership who has sold and delivered to his copartners his interest in the partnership property and choses in action, in consideration of their payment to him of a stipulated sum and their agreement to pay off the partnership indebtedness, may, if he be compelled to pay off any of such indebtedness, recover the same of them.

SAME.—*Statute of Frauds.*—*Consideration.*—Such an agreement is not within the statute of frauds, and is upon a valuable consideration.

From the Franklin Circuit Court.

*F. S. Swift* and *W. H. Bracken,* for appellant.

*F. Berry* and *H. Berry,* for appellees.

BIDDLE, J.—Complaint by the appellant, against the appellees : ——

That, in the years 1870 and 1871, the plaintiff and the defendants were partners in trade, doing business as such in butchering cattle, hogs, sheep, and other animals ; that they executed notes to various persons for money borrowed by said firm, and for cattle and stock purchased as aforesaid by them as such partners, including two several notes executed by them jointly as such firm, calling for a great sum of money, to wit, five hundred dollars each ; that after they had so been in partnership a long time, to wit, one year, this plaintiff, in consideration that the said defendants would pay him a certain sum, to wit, one hundred dollars, and pay off all notes and indebtedness of said firm, sold out his entire interest in said firm to the defendants, including tools, stock on hand and book accounts, and all profits of said firm, which were at said time of great value, to wit, of the value of one thousand dollars ; that the defendants accepted said proposition and received said stock on hand, tools and accounts, and all profits and other indebtedness in favor of said firm, and agreed to pay off said indebtedness of said firm as afore-

Vanness v. Dubois et al.

said, including all accounts, notes and other obligations against said firm, and paid him said sum, to wit, one hundred dollars, and said firm was then and there and thereby mutually dissolved: that, among other obligations existing against said firm at the time of said sale and transfer by said plaintiff to defendants, and which said defendants agreed to pay off as aforesaid, were two notes of hand, executed by plaintiff and defendants to one Samuel P. Roberts, dated, to wit, June 10th, 1870, both due in ten months, one calling for one hundred dollars, and the other calling for two hundred dollars; that said defendants failed, neglected and refused to pay off said notes, or either of them, but allowed judgment to be rendered against this plaintiff and the defendants on said notes, and the defendants failed, neglected and refused to pay said judgment, or any part thereof; that plaintiff was compelled to pay off a great amount of said judgment, amounting to the sum of three hundred and fifty dollars, which sum is now due to the plaintiff from said defendants. Wherefore he demands judgment for five hundred dollars and other proper relief.

A demurrer, alleging the insufficiency of the facts stated to constitute a cause of action, was sustained to the complaint. Exceptions. The plaintiff stood by his complaint, and the court rendered judgment against him. Appeal.

The sufficiency of the complaint is the only question presented in the case, and wherein it is insufficient we have not been able to ascertain. It counts upon a lawful contract, founded upon a valuable consideration, not within the statute of frauds, and alleges breaches.

The appellees have not favored us with a brief; we do not, therefore, know their views, nor do we know upon what ground the court based its ruling.

The complaint, in our view, is well drawn, and sufficient in every particular.

The judgment is reversed, at the costs of the appellees; the cause remanded with instructions to overrule the demurrer to the complaint, and for further proceedings.