## S. G. Spann v. Cochran & Ewing et al.

(Case No. 1930.)

1. Promise to pay the debt of another — Statute of Frauds.— A. sold to B. and C. a printing press, and received in payment the note sued on, which was made by B. and C., and secured by a chattel mortgage on the press. C. sold his interest to B. Afterwards B. sold a half interest to D., who assumed one-half the liabilities of the concern, which included the note sued on. D. sold his interest to E. and F., they assuming half the liabilities. They then bought out the interest of B., paying him $25, and agreeing in writing, signed by E. only, to "Assume all the liabilities, fulfil all the contracts, and collect all the assets due, or that may become due." *Held:*

   (1) That though A. was not in fact privy to the agreement by which E. and F. assumed the liabilities of B., yet he might recover a debt from them by suit on the agreement in which they had promised, for a valuable consideration, to pay to him a debt originally due to him only from B., to whom the promise was made. (Citing McCown *v.* Schrimpf, 21 Tex., 27; Barker *v.* Bucklin, 2 Denio, 45, and other cases.)

   (2) That an action might be maintained against E. and F., not only to foreclose the mortgage lien, but also to recover the debt due to A. by a personal judgment against them.

   (3) That the sum due A. from E. and F. was the sum assumed by E. and F., less the amount due others holding claims assumed along with A.'s by the contract to which they were parties, and under which they took the property that constituted the consideration for the promise.

   (4) That such a promise is not embraced by the statute of frauds, the rule being, that whenever the defendant's promise is in effect to pay his own debt to the plaintiff, though that of another be incidentally discharged, yet the promise need not be in writing. (Citing Browne on Statute of Frauds.)

Appeal from Washington. Tried below before the Hon. I. B. McFarland.

This suit was brought against Watson & Larue and Cochran & Ewing to recover $800 due on a promissory note secured by a chattel mortgage on type, printing press, etc., bought of appellant. The petition alleged that Cochran & Ewing purchased the mortgaged property of Watson & Larue or their assignees, and as a part of the consideration promised to pay all liabilities incurred in the publishing of a newspaper, including the note sued on. The promise was in writing, but signed only by Ewing.

Cochran & Ewing answered by a general denial, and also that they set up no claim to the property.

Watson & Larue answered, admitting their liability to Spann and the lien upon the property, and prayed that judgment in favor of Spann should be rendered over against Cochran & Ewing for such a sum as should be recovered against them.

The cause was tried by the court and judgment given for the

plaintiffs against Watson & Larue for the debt, with foreclosure of the lien against the mortgaged property, and in favor of Cochran & Ewing for their costs. The plaintiff appealed.

*J. T. Swearingen* and *Sayles & Bassett*, for appellants.

That the promise was not within the statute of frauds, they cited: McCown v. Schrimpf, 21 Tex., 22, 27; Lemmon v. Box, 20 Tex., 329; Wallace v. Freeman, 25 Tex. Sup., 91; Muller v. Riviere, 59 Tex., 640, 642, 643; 3 Pars. on Cont., 24–27; 3 Kent, Com., 123; Barker v. Bucklin, 2 Denio, 45; Burr v. Beers, 24 N. Y., 178; Farley v. Cleveland, 4 Cow., 432; Arnold v. Lyman, 17 Mass., 400.

Spann was entitled to enforce the promise of Cochran & Ewing to Watson, citing: McCown v. Schrimpf, 21 Tex., 27; Barker v. Bucklin, 2 Denio, 45; Schemerhorn v. Vanderheyden, 1 Johns., 140; Burr v. Beers, 24 N. Y., 178, 180; Arnold v. Lyman, 17 Mass., 400.

*Breedlove & Ewing* and *O. L. Eddins*, for appellees, cited the following authorities: 14 Tex., 418; Hunt v. Wright, 13 Tex., 549; Adams v. Hicks, 41 Tex., 240; Mathews v. State, 33 Tex., 102; 1 Greenl. Ev., 3d ed., §§ 51, 63, 64, 66; Sayles' Pleading, §§ 7, 18, 51, 60; R. S., 24, 64, sec. 2; 2 Tex., 476; Anderson v. Davis, 31 Amer. Dec., 612, and note on p. 614; Nelson v. Boynton, 37 Am. Dec., 151–3; 3 Metcalf, 396; 2 Pars. on Cont., pp. 300 and 303.

STAYTON, ASSOCIATE JUSTICE.— The appellant Spann, who was plaintiff below, brought this suit against the appellees Cochran & Ewing, and Watson & Larue, alleging that Watson & Larue were indebted to him on their promissory note for $800, secured by a chattel mortgage, which note Cochran & Ewing had afterwards assumed to pay, in consideration of the transfer to them of the mortgaged property.

Prayer for judgment against all the defendants for the debt and for foreclosure of the mortgage lien.

The suit was begun in the county court, but was afterwards transferred to the district court on account of the disqualification of the county judge.

The case was submitted to the court without the intervention of a jury, and judgment was rendered for the plaintiff against the defendants Watson & Larue for the debt, with a foreclosure of the chattel mortgage, and in favor of the appellees Cochran & Ewing, for their costs, etc. The plaintiff appeals.

The defendants Watson & Larue bought a printing press, type and other material from Spann, for which they gave the note sued on,

secured by a chattel mortgage on the property bought. Subsequently Watson bought out the interest of Larue, and conveyed a like interest to one Moore, which Cochran & Ewing bought. When Moore bought, he assumed one-half of the liabilities of the concern, which included the note sued on, and the inference from the facts proved in this case is that when Cochran & Ewing bought from Moore they did the same, but this is not rendered clear.

After this, Cochran & Ewing bought out the interest of Watson, paying him therefor the sum of $25, and assuming all liabilities. The language of the instrument by which Watson made the conveyance of his interest in this respect is: "That W. P. Ewing and W. D. Cochran, composing the firm of Ewing & Cochran, are to assume all liabilities, fulfil all contracts, and collect all assets due or that may become due." This was signed by Watson only, and the instrument was in the usual form for the conveyance of personal property.

The parties seem to have been engaged in the publication of a daily and weekly newspaper. The evidence shows very clearly that the indebtedness to Spann was the principal indebtedness, and that it was understood by the parties to be one of the liabilities assumed by Cochran & Ewing when they bought from Watson.

It thus appears that, at the time Cochran & Ewing acquired the interest of Watson in the copartnership property, they obligated themselves to pay the debts or liabilities, and this as the chief consideration on which the sale by Watson was based.

It however does not appear that Spann was a party to that contract; nor that the instrument by which the obligation of Cochran & Ewing to pay the debt due to Spann is claimed to have been fixed was signed by them.

It is believed, however, that such an agreement between a debtor and a third person, made upon valuable consideration, gives to the creditor a cause of action on which he may sue and recover from the person who has so contracted to pay to him a debt originally due only by the person to whom the promise is made.

This seems to be in accordance with the great weight of American authority. McCown v. Schrimpf, 21 Tex., 27; Barker v. Bucklin, 2 Denio, 45; Schemerhorn v. Vanderheyden, 1 Johns., 140; Eddy v. Roberts, 17 Ill., 505; Rhodes v. Matthews, 67 Ind., 132; Todd v. Tobey, 29 Me., 224; Dearborn v. Parks, 5 Me., 85; Brown v. Strait, 19 Ill., 88; Johnson v. Knapp, 36 Iowa, 616; Mason v. Hall, 30 Ala., 601; Wilson v. Bevans, 58 Ill., 233; Putney v. Farnham, 27 Wis., 187.

There are, however, authorities holding a different view of the question. It is claimed that, notwithstanding such a contract, made by a writing signed by a person sought to be charged, may be sued upon by one not a party to it in fact, yet, that upon such a contract in writing, but not signed by the party sought to be charged, no action can be maintained by a third person for whose benefit, as well as for the benefit of the seller, the promise is made.

This proposition is based on the theory that such a contract is in violation of the statute of frauds, and hence not enforceable.

We are of the opinion that, under the facts of this case, the action may be maintained against Cochran & Ewing, not only for the purpose of foreclosing the chattel mortgage, but also for the purpose of enforcing from them the payment of the debt due to Spann; and this as a personal obligation.

The sum to be paid to the plaintiff is the sum which Cochran & Ewing agreed to pay for the property, in addition to the sum or sums which they were to pay to Watson and to other persons holding claims assumed by the contract to which they were parties, which they accepted, and under which they took the property constituting the consideration for their promise.

The sum to be paid constitutes in legal effect a debt due by Cochran & Ewing, which they have agreed to pay to Spann instead of Watson, from whom the consideration for the promise moved; and that such payment would discharge the debt of Watson does not render Cochran & Ewing the guarantors of the debt due by Watson, or render the sum which they are to pay any the less their debt.

The rule is thus stated: "The general principle, prevailing in all the cases under this branch of the statute of frauds, is, that whenever the defendant's promise is in effect to pay his own debt to the plaintiff, though that of a third person may be incidentally discharged, the promise need not be in writing." Browne on Statute of Frauds, 165.

"It contemplates a promise *to answer* for another's debt; a promise *for that purpose;* a mere guaranty; and it never was meant that a man should set it up as a pretext to escape from the performance of a valid verbal obligation of his own, because, in performing it, the discharge of a third party's debt was incidentally involved." Browne on Statute of Frauds, 212. The same rule is laid down by a late author. Reed on the Statute of Frauds, 115.

The following cases assert this general principle, and in their facts are very similar to the case before us: Lee *v.* Fontaine,

10 Ala., 764; Eddy v. Roberts, 17 Ill., 508; Haggerty v. Johnston, 48 Ind., 41; Vanness v. Dubois, 64 Ind., 338; Todd v. Tobey, 29 Me., 224; Bonebright v. Pease, 3 Mich., 321; Shaver v. Adams, 10 Ired., 14; Townsend v. Long, 77 Pa. St., 146.

The following cases also assert the same principle: Dearborn v. Parks, 5 Me., 85; Brown v. Strait, 19 Ill., 88; Babbermann v. Wiskamp, 54 Ill., 179; Berry v. Doremus, 30 N. J. L., 399; Taylor v. Preston, 79 Pa. St., 441; Johnson v. Knapp, 36 Iowa, 617; Mason v. Hall, 30 Ala., 599; Beeshears v. Rowe, 46 Mo., 501; Sweatman v. Parker, 49 Miss., 27; Wilson v. Bevans, 58 Ill., 234; Meyer v. Hartman, 72 Ill., 443; Putney v. Farnham, 27 Wis., 188; Huber v. Ely, 45 Barb., 169; Spadone v. Reed, 7 Bush, 457; Barker v. Bucklin, 2 Denio, 47; Lemmon v. Box, 20 Tex., 333; Muller v. Riviere, 59 Tex., 642. See, also, Burge on Suretyship, sec. 56.

The evidence rejected by the court was admissible, and, taken in connection with that introduced without objection, fully established the liability of Cochran & Ewing for the entire debt sued for, and the judgment should have been so entered.

It will therefore be reversed, and the cause remanded, that the court below may cause judgment to be entered in favor of the plaintiff Spann, against Watson & Larue, and against Cochran & Ewing, for the full amount of the note sued on, with interest in accordance with its terms, together with all costs incurred, and foreclosing the mortgage described in the petition, unless it shall appear, as here suggested, that the mortgaged property has already been sold under the judgment heretofore rendered in the court below, in which event the judgment herein directed to be entered will be entered without further foreclosure of the mortgage, and for the amount before stated, less such sum as may have been realized by a sale of the mortgaged property.

The judgment to be entered should also provide, in case it be paid by Watson & Larue, or either of them, that they, or such one of them as makes such payment, shall have execution against Cochran & Ewing for the sum so paid.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered January 20, 1885.]