BARTLEY, JOHNSON & CO. v. J. T. CONN ET AL.

### No. 815.

1. **Jurisdiction over Nonresidents.**—In a personal action brought here ·against citizens of another State, the court does not acquire jurisdiction over them by virtue of notice served on them in such other State; but where they voluntarily appear and answer to the merits, they thereby waive their plea to the jurisdiction, and become parties to the suit for all purposes.

2. **Practice—Setting Aside Order at Same Term.**—It is within the authority of the court to set aside an order improperly made by it at a former day of the same term.

3. **Trustee's Sale—Purchaser's Liability.**—Where property is conveyed to a trustee to enable him to pay a debt with the proceeds thereof, a purchaser of the property from the trustee is not bound to see that the money is applied to the extinguishment of the debt.

4. **Same.**—If, however, the purchaser agrees, as part consideration for the sale, to pay the trust debt, he becomes liable therefor, and the owner of the debt may sue him directly on the agreement, although it may have been made with the trustee.

5. **Continuance — Diligence by Nonresident.** — In a personal action against a nonresident, since jurisdiction over him is acquired by the filing of his answer, and not by the service of notice on him in another State, the matter of diligence in preparing his defense should, on application for first continuance, be reckoned from the time when the answer was filed, and not from the date when such notice was served.

APPEAL from the County Court of Wilbarger. Tried below before Hon. J. W. BLANKINSHIP.

*G. W. Walters*, for appellants.—The court erred in overruling appellants' application for a first continuance. Douglass v. Neil, 37 Texas, 529; Parker v. Campbell, 21 Texas, 763; Rev. Stats., art. 1277; 76 Texas, 207; 67 Texas, 194; 61 Texas, 567.

*H. P. Bailey*, for appellees.—The court did not err in taking judisdiction over the person of appellants. Rev. Stats., arts. 1242, 1243; York v. The State, 73 Texas, 651; Murphy v. Wallace, 3 Willson's C. C., sec. 430.

HEAD, ASSOCIATE JUSTICE.—Appellee Conn brought this suit to recover upon a note for $450, made by A. C. Sanders, J. A. Rhodes, and W. E. Rettig to J. P. Cox, and by him transferred to said appellee for value before maturity. Sanders being insolvent and out of the country,

the suit was dismissed as to him. Rhodes and Rettig claimed to be sureties for Sanders, and pleaded that he, becoming insolvent, had executed a deed in trust upon all his property to H. W. Jones, trustee, to secure certain of his debts, the note sued on being the first preferred. That after the execution of this trust deed, appellants purchased the property from the trustee, agreeing to pay the preferred debts, and representing that they had done so, but instead of paying this one to Conn, the owner, had settled it with Cox, the original payee. Numerous charges of fraud and evil doing were made by each of the parties against the other, but the evidence seems to have been directed to the issue above indicated. Judgment was rendered in favor of Conn against the parties to the note, except Sanders, for the amount due thereon, and in favor of Rhodes and Rettig for same amount over against appellants.

The court did not err in entering the order on the 18th of September, setting aside the order entered on the 17th, discharging appellants from the suit. Both orders were entered at the same term. Williams v. Huling, 43 Texas, 113; Blum v. Wettermark, 58 Texas, 125. This being an action in personam, the notice served on appellants in Kentucky, they being citizens of that State, could not have forced them to appear herein; but having voluntarily appeared and answered to the merits, they waived their plea to the jurisdiction of the court and became parties for all purposes as though regularly served in this State. York v. The State, 73 Texas, 651, and numerous cases since approving it.

At the request of Rhodes and Rettig, the court gave the following charge to the jury: "If you shall believe from the evidence that the said A. C. Sanders transferred and assigned his property to one Jones, in trust for the payment of the note herein declared on, and that after the execution of said deed and delivery of the property to the said Jones, the defendants, Bartley, Johnson & Co., bought said trust property from the said Jones, it was their duty to apply the proceeds of said trust property to the payment of the claims provided for in the deed of trust from the said A. C. Sanders to the said Jones; and if you should believe from the evidence that the proceeds of said trust property was in value sufficient to have paid the note sued on, then you will find for the defendants Rhodes and Rettig, as against Bartley, Johnson & Co., the amount of the note, interest, and attorney fees, unless you shall believe from a preponderance of the evidence that the said Bartley, Johnson & Co. have paid the same."

We think this charge is manifestly erroneous. One purchasing property from a trustee of this kind is not required to pay the price to the secured creditors, but must pay it to the trustee, whose duty it is to see to its proper application. If the purchaser should by agreement undertake to pay the creditors instead of the trustee, he might render himself

liable should he pay a claim to one not entitled to receive it; but in such case his liability would grow out of his agreement, and this would be one of the principal issues to be submitted to the jury. This was not done, either in the charge quoted above or in any other, but appellants' liability was made to depend upon the supposed duty a purchaser from a trustee is under to see to the proper application of the proceeds, in the absence of an agreement.

The court also instructed the jury, at the request of appellees, "that it was the duty of Bartley, Johnson & Co., when they paid any debt or claim provided for in the deed of trust from Sanders to Jones, to take up the note which was the evidence of said claim; and if they undertook to make a payment and failed to take up the note, they can not avail themselves of said payment in defense to the action against them by J. A. Rhodes and W. E. Rettig."

It is not clear from the record why this charge was given. We do not understand that it was claimed that Cox owned the note at the time appellants made the payment to him, and by their negligence in failing to take it up he was afterwards enabled to negotiate it for value before maturity; but the contention is, that Conn had become the owner of the note even before the making of the deed in trust by Sanders. If we are correct in this, it was error to give this charge, inasmuch as the jury were liable to be misled thereby into understanding the law to be, that a failure to take up the evidence of the debt upon paying it would in all cases subject the debtor to a second payment. This would ordinarily be so in case it should come into the hands of a bona fide purchaser for value before maturity. It may be, that as the evidence was undisputed that Conn was a holder for value before maturity, the giving of this charge would not have been considered sufficient cause to require a reversal of the judgment, but framed as it was, it left but little latitude to the jury, and we have thought it best to direct attention to it, in view of another trial.

Both the pleading and the evidence raised the issue as to whether or not appellants, as a part of the consideration of their purchase from the trustee, agreed to pay the preferred debts to the parties holding them, but the court failed to submit this, the most important phase of the case, to the jury. If appellants made this agreement under these circumstances, we see no reason why the owners of these claims can not sue directly thereon, although the contract may have been made with the trustee, Jones. Spann v. Cochran & Ewing, 63 Texas, 240.

In view of the fact that appellees' case is so entirely dependent upon an agreement alleged to have been made between the trustee, Jones, and appellants' agent, Geer, and in view of the fact that appellants were not legally in court until the filing of their answer on the 17th, and could

not be required to prepare their defense until that time, their application for a continuance filed on the 18th, to enable them to procure the evidence of these parties, should have been granted. It was shown that both these witnesses were out of the county, and it was too late on the 17th, by any sort of diligence, to obtain their evidence in time for a trial on the next day. The materiality of their testimony does not seem to have been controverted, but only the diligence used to obtain it, upon the theory that appellants were legally made parties by the service of the notice on them in Kentucky, which we have held to be incorrect.

We have deemed it best not to discuss the question as to whether or not the appellees Rhodes and Rettig were entitled to maintain this suit over against appellants before they became the owners of the debt by payment. This question presents several complications that can be so easily remedied by proper pleading in the lower court, that we have thought best to defer its decision until it can no longer be postponed.

For the reasons above given, we are of opinion the judgment of the court below should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 4, 1893.