JONES v. GOUGH. (No. 5419.)

(Court of Civil Appeals of Texas. Austin. Jan. 6, 1915. Rehearing Denied April 21, 1915.)

1. VENDOR AND PURCHASER ⊗➡294 — VENDOR'S LIEN—ENFORCEMENT—LIABILITY FOR COST.

J. sold land, receiving vendor's lien notes in payment. The grantee conveyed to G. On nonpayment of the notes, J. instituted foreclosure proceedings. The decree directed the sheriff to apply the proceeds of the sale of the land to the payment of the judgment and the costs of the suit, and declared that J. should have and recover all costs against her grantee and G. *Held*, that the judgment did not give any priority to costs, and, where the proceeds of the sale were insufficient to satisfy the costs and the amount due, G. was liable for the costs; execution against his grantor having failed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 830; Dec. Dig. ⊗➡294.]

2. EXECUTION ⊗➡172—INJUNCTION—RIGHT TO.

Where plaintiff was liable for costs of a suit foreclosing vendor's lien notes, he cannot, without having offered to satisfy the costs, enjoin execution, for injunction is granted only to a party not in default.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ⊗➡172.]

3. JUDGMENT ⊗➡532 — CONSTRUCTION — LIABILITY FOR COSTS.

Where a judgment provided that plaintiff should have and recover his costs against the defendants jointly and severally, a further direction that in case the land did not sell for enough to satisfy the judgment the sheriff should make the balance out of one of the defendants under execution does not nullify the earlier provision.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 976, 977; Dec. Dig. ⊗➡532.]

4. VENDOR AND PURCHASER ⊗➡294 — VENDOR'S LIEN NOTES—COSTS.

Where plaintiff promised his grantor to pay vendor's lien notes on the land, he was primarily liable, and, in a suit to foreclose the notes, costs might be awarded against him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 830; Dec. Dig. ⊗➡294.]

5. VENDOR AND PURCHASER ⊗➡294—ENFORCEMENT OF VENDOR'S LIEN — LIABILITY FOR COSTS.

Plaintiff purchased land subject to vendor's lien notes. Defendant, to avoid the expense of joining him, requested him to reconvey to her.

⊗➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff refused, and was made a party. *Held* that, as he had orally agreed to discharge the notes, he was liable for costs, and could not, the land not having sold for a sufficient amount to discharge the notes and costs, have execution enjoined.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 830; Dec. Dig. ☞ 294.]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Suit by C. E. Gough against Mrs. R. E. Jones to restrain sale under execution. From a judgment for plaintiff, defendant appeals. Judgment reversed and rendered for defendant.

Critz & Woodward, of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

KEY, C. J. This is an injunction suit, which resulted in a judgment in favor of the plaintiff, perpetuating a preliminary injunction preventing the sale of a tract of land under an execution. There is no statement of facts, and the case is submitted in this court upon the trial judge's findings of fact, which, omitting descriptions of property, are as follows:

"Conclusions of Fact.

"(1) I find that the defendant herein, Mrs. R. E. Jones, filed in this court on the 20th day of October, 1913, her petition in cause No. 1657, styled Mrs. R. E. Jones, a Widow, v. H. J. Cobb et al., which petition is as follows, to wit:

" 'The State of Texas, County of Coleman.

" 'In District Court Coleman County, Texas, November Term, 1913.

" 'To the Hon. Jno. W. Goodwin, Judge:

" 'Now comes Mrs. R. E. Jones a widow, residing in Coleman county, Texas, and hereinafter called plaintiff, and complaining of H. J. Cobb, a resident of Runnels county, Texas, and C. E. Gough, a resident of Ellis county, Texas, both of whom will hereinafter be called defendants, and for cause of action plaintiff represents the following:

" 'First. That heretofore, to wit, on the 16th day of October, 1909, this plaintiff, Mrs. R. E. Jones, joined therein by E. C. Jones and wife, Lula Jones, Floyd S. Jones and wife, Mattie Jones, and W. L. Futch and wife, Hattie Futch, made, executed and delivered to the defendant H. J. Cobb their certain general warranty deed in writing, wherein and whereby they conveyed to the said H. J. Cobb the following described two tracts of land, lying and being situate in Coleman county, Texas, and described as follows: (Here follows description of said two tracts.)

" 'Second. That as a part of the consideration for the sale and conveyance of said lands to the said H. J. Cobb, the said H. J. Cobb made, executed and delivered his eight certain promissory vendor's lien notes, each dated of even date with said deed, and each for the principal sum of $415.62½, payable to the plaintiff herein, Mrs. R. E. Jones at Coleman, Texas, said notes and each of them drawing interest from date at eight per cent. per annum, interest payable annually and each note providing that a failure to pay any installment of interest when due shall, at the election of the holder thereof mature all of the notes given; said notes are made payable on or before October 16, 1917, at Coleman, Texas, and payable to the order of Mrs. R. E. Jones, and she is now the owner and holder of same, and the interest thereon for the year beginning the 16th day of October, 1912, and ending October 16, 1913, has not been paid and plaintiff herein has elected to declare all eight of the notes due as is provided in said notes, and she has placed the same in the hands of Critz & Woodward, attorneys at law, for suit and collection, and she has agreed to pay them the attorney's fee as stipulated therein, to-wit, ten per cent. of the principal and interest thereon, and plaintiff alleges said sum to be reasonable.

" 'Third. Plaintiff further alleges that in said deed aforesaid, it is agreed that a vendor's lien is retained against the above-described land and premises to secure the payment of said notes and all interest and attorney's fees due thereon.

" 'Fourth. Plaintiff further alleges that the defendant C. E. Gough is now the owner and in the possession of the above-described lands and premises, he having purchased the same from the said H. J. Cobb and wife the 1st of October, 1912, and which said deed is of record in vol. 85, pages 56, 57, deed records of Coleman county, Texas, and this plaintiff alleges that said lands conveyed to the said C. E. Gough as aforesaid are subject to the notes herein described, and it is so recited and stated in said deed to the said C. E. Gough aforesaid.

" 'Wherefore, the premises considered, plaintiff says that by the execution of said deed and said notes, and the failure to pay the interest when due thereon, makes the defendant H. J. Cobb liable to this plaintiff for the full amounts stipulated therein, and said lien is subject to be foreclosed against the said lands and premises by reason of the stipulations in said notes and in said deed aforesaid: ·

" 'Wherefore plaintiff prays for a citation to issue to the defendants H. J. Cobb and C. E. Gough, and upon a hearing of this petition she be given a judgment against the said H. J. Cobb for the amount of her debt, principal, interest and attorney's fees, and a foreclosure of her vendor's lien against the lands herein described against both the said H. J. Cobb and the said C. E. Gough, and same be decreed to be sold according to law; that the sheriff or other officer executing said order of sale shall place the purchaser thereof in possession thereof, and for all other relief both general and special, as she may be entitled in law or equity, and for all costs of court.

" 'Critz & Woodward,
" 'Attorneys for the Plaintiff.'

"(2) That said petition is indorsed as follows: 'Filed Oct. 20th, 1913. W. E. Gideon, Clerk District Court, Coleman County, Texas.'.

"(3) That all parties defendant in said petition and suit were duly and legally cited to the November term, 1913, of this court, to answer the same, by personal service of citation in the manner and form and for the length of time required by law in such cases, and that none of the defendants in said cause appeared therein or filed any answer therein.

"(4) That at the November term, 1913, on the call of the appearance docket of said court the plaintiff appeared in person, and by attorneys and upon the call of said cause announced ready for trial, in said cause No. 1657, and the same coming on for trial and the court, after hearing the evidence of plaintiff and due consideration of the same, rendered judgment in said cause No. 1657, which was duly entered upon the minutes of said court at said November term, 1913, in Book 9, pages 6 to 8 inclusive, which judgment is in words and figures as follows, to wit:

" 'Mrs. R. E. Jones, a Widow, v. H. J. Cobb et al. No. 1657.

" 'In District Court of Coleman County, Texas. November Term, 1913.

" 'On this the 4th day of November, 1913, the same being at a regular term of this court, came

on to be heard the above entitled and numbered cause for trial, and came the plaintiff in person and by her attorneys and announced ready for trial, and it appearing to the court that the defendants H. J. Cobb and C. E. Gough have been duly and legally cited to appear as the law directs, but had not and did not answer to said suit, but wholly made default, and said cause proceeded to trial, and a jury was waived and all matters of fact and of law were submitted to the court.

"'And the court, after hearing the pleadings and the evidence of plaintiff and the law and argument of counsel, is of the opinion the law and evidence are with the plaintiff Mrs. R. E. Jones, a widow, and she should recover as prayed for in her petition; and it being made to appear to the court from the evidence herein that plaintiff's claim is based upon eight certain promissory vendor's lien notes, executed by the defendant H. J. Cobb payable to plaintiff Mrs. R. E. Jones, said notes being for the principal sum of four hundred and fifteen dollars and sixty-two and one-half cents each, and bearing interest from date at the rate of eight per cent. per annum from date, and said notes each dated October 16, 1917, and it appearing to the court that the interest for the year 1913 has not been paid and plaintiff has elected to declare all notes due by reason thereof, as provided in said notes; and it appearing to the court that plaintiff had delivered said notes to Critz & Woodward, attorneys at law, for suit and suit had been by them instituted thereon and plaintiff having agreed to pay them the ten per cent. thereof as their fee, as provided in said notes, and it further appearing to the court that said eight notes are a vendor's lien against the following described land and premises in Coleman county, Texas, to wit: (Here follows description.)

"'And it further appearing to the court that defendant C. E. Gough is now the owner and in possession of the aforesaid premises, and that he purchased said land subject to the aforesaid notes, and that this plaintiff is entitled to a judgment against said defendant C. E. Gough for a foreclosure of her lien as prayed for:

"'It is therefore considered, ordered, and adjudged by the court that the plaintiff Mrs. R. E. Jones, a widow, do have and recover of and from the defendant H. J. Cobb the amount of her notes, principal, interest and attorney's fee, to wit, the sum of $3,325.00, principal, $268.73 interest thereon, and the further sum of $359.37 attorney's fees, total $3,953.12, for which she may have her judgment and a foreclosure of her vendor's lien against the above-described land and premises against the said defendant H. J. Cobb and the defendant C. E. Gough, and that plaintiff do have and recover all costs of this suit against the defendants H. J. Cobb and C. E. Gough jointly and severally, for which execution may issue.

"'It is the further order and judgment of the court that the vendor's lien against said above-described property as it existed on the 4th day of November, 1913, be and the same is hereby foreclosed; that the clerk of this court issue an order of sale directed to the sheriff or any constable of Coleman county, commanding him to seize and sell said land as under execution; that he apply the proceeds thereof to the payment and satisfaction of the judgment herein rendered against the defendant H. J. Cobb and costs of suit, and, if said land sells for more than enough to satisfy said judgment herein rendered, then the officer shall pay the excess, if any, to the defendant C. E. Gough, and, in the event said lands do not sell for enough to satisfy said judgment, then said officer shall make the balance out of the defendant H. J. Cobb as under execution.

"'And it is further ordered that the sheriff or other officer shall place the purchaser thereof in possession of the aforesaid land and premises within thirty days after date of sale thereof.

"'And it is further ordered that said order of sale shall have the full force and effect of a writ of possession.'

"(5) That thereafter on the 5th day of December, 1913, an order of sale was duly issued on said judgment by the clerk of this court, and same was executed by the sheriff of Coleman county, Tex., by his levying on and seizing the property described in the petition of plaintiff and in said judgment said selling same under said order of sale, and that said land was sold on the 6th day of January, 1914, by said sheriff at the courthouse door of Coleman county, Tex., after being duly advertised as required by law, and was bid in by the plaintiff in said judgment Mrs. R. E. Jones for the sum of $3,953.

"(6) That said order of sale and the return of the sheriff, all of which and the statements and recitals in all of which are hereby adopted and found by me to be true and correct statements of the several matters of fact therein recited, are in words and figures as follows, to wit:

"'The State of Texas to the Sheriff or any Constable of Coleman County—Greeting:

"'Whereas, on the fourth day of November, A. D. 1913, Mrs. R. E. Jones, a widow, recovered in the district court of Coleman county a judgment against H. J. Cobb and C. E. Gough, as follows: Against the said H. J. Cobb for the sum of three thousand, nine hundred, fifty-three dollars and twelve cents, and for all costs of suit; and for a foreclosure of a vendor's lien; against said C. E. Gough for a foreclosure of a vendor's lien and all costs of suit.

"'And whereas, the said judgment is a foreclosure of a vendor's lien on the following described property situated in Coleman county, Texas, to wit: (Follows description.)

"'Therefore, you are hereby commanded that you proceed to seize and sell the above-described property as under execution, and make good and sufficient deed, and to place the purchaser of the same in possession thereof within thirty days after the day of sale, and you apply the proceeds thereof to the payment and satisfaction of said sum of three thousand, nine hundred and fifty-three and 12/100 dollars, together with the interest that may be due, and all costs of suit. And if the property shall sell for more than sufficient to pay off and satisfy said sums of money, then you are hereby directed to pay over the excess thereof to the defendant, C. E. Gough; but if you fail to find said property, or of (if) the proceeds of such sale be insufficient to satisfy said judgment, then you are directed to make the money or any balance thereof remaining unpaid, out of any other property of defendant H. J. Cobb as in case of ordinary execution, and you are directed to make all costs out of the defendant H. J. Cobb and C. E. Gough, or either of them.

"'Herein fail not, but due return make hereof within sixty days, showing how you have executed the same.

"'Given under my hand and the seal of the district court of Coleman county, Texas, this the 5th day of December, A. D. 1913.

"'[L. S.]                    W. E. Gideon,
"'Clerk District Court Coleman County, Texas.

"'Bill of Costs.

| | | |
|---|---:|---:|
| Issuing two writs and two copies | $ 2 | 50 |
| Issuing two certified copies of petition | $ 6 | 30 |
| Docketing cause | | 20 |
| Filing one paper | | 15 |
| Entering appearing | | 30 |
| Swearing one witness | | 10 |
| Assessing damage | | 50 |
| Final judgment and excess | 2 | 80 |
| Order of sale and return | 1 | 50 |
| Recording sheriff's return on 2 citations | 1 | 00 |
| Taxing cost and copy | | 25 |
| Sheriff's costs; serving two writs | 1 | 50 |
| Total costs | $17 | 10 |

" 'The State of Texas, County of Coleman.

" 'I hereby certify the above to be a correct account of the costs in above entitled and numbered suit up to this date.

" 'Witness my hand and seal of said court, affixed at office in Coleman of ——, this 5th day of December, 1913.

" 'Attest:

" '[L. S.]                W. E. Gideon,
" 'Clerk District Court Coleman County, Texas.'

" 'Sheriff's Return on Sale of Real Estate.
" 'The State of Texas, County of Coleman.

" 'Came to hand 5th day of December, A. D. 1913, at 3 o'clock p. m., and executed at Coleman in Coleman county, Texas, on the 5th day of December, A. D. 1913, at 4 o'clock p. m. by levying upon the following described land, property of the defendant, and situated in Coleman county, Texas, viz.: (Here follows description.)

" 'And afterwards on the 12, 19, 26 days of December, A. D. 1913, advertised the same for sale at the court house door of Coleman county, on the 6th day of January, A. D. 1914, being the first Tuesday in said month, by an advertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the —— day of ——, A. D. 191—, in the Santa Anna News, a newspaper published in the county of Coleman, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levy, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locality in the county and the name by which the land is generally known and also mailed to each of the within named defendants a copy of said notice of sale.

" 'And on said 6th day of January, A. D. 1914, between the hours of 10 o'clock a. m. and 4 o'clock p. m. at the courthouse door of said county, in pursuance to said advertisement, sold said property at public sale to Mrs. R. E. Jones to whom the same was struck off for the sum of three thousand dollars, that being the highest secure bid for the same, and the said Mrs. R. E. Jones having paid the sum so bid by her, I executed to her a deed for said lands.

" 'And said sum of $3,953.00 was paid by me to plaintiff Mrs. R. E. Jones on her judgment, whose receipt for the same is herewith presented and this writ is hereby returned on this the 7th day of January, A. D. 1914, and leaving unpaid the costs, as shown below amounting to the sum of $113.60 and no other property of defendants found in Coleman county, Texas.

" 'W. L. Futch,
" 'Sheriff Coleman County, Texas.

" 'Sheriff's Fees.

| | |
|---|---|
| Levy ........................: ...... $ | 1 00 |
| Advertising ......................... | 1 00 |
| Serving two notices................. | 2 00 |
| Commission ...................... | 82 06 |
| Making one deed.................... | 2 00 |
| Executing writ of possession........ | 3 00 |
| Return of writ..................... | 50 |
| Printers fees...................... | 5 00 |

| | |
|---|---|
| Total ...................... $ | 96 50 |
| Original court costs............... | 17 10 |

| | |
|---|---|
| Total amount of costs........ | $113 60' |

"(7) That thereafter, and after the return of said order of sale, the district clerk of this court, at the instance of said Mrs. R. E. Jones, issued on the 7th day of January, 1914, an execution against C. E. Gough for the costs on said cause No. 1657, that is, for the original court costs and all court costs incurred in issuing order of sale and all sheriff's costs incident to said sale, including commissions on such sale and the return of said order of sale, a true statement of which said costs is shown below on the execution hereinafter set out; and on the 8th day of January, 1914, said execution was levied by said sheriff on the property of defendant C. E. Gough as stated in said execution below, and same was duly advertised for sale to be sold on the 3d day of March, 1914, which sale was restrained by temporary injunction issued by the judge of this court in chambers on the 2d day of March, 1914.

"(8) That said execution with the return thereon showing the action of the sheriff thereunder and a bill of costs in said cause, all of which is adopted by me as stating truly the facts and the several matters recited, and is as follows, to wit:

" 'To the Sheriff or Any Constable of Coleman County, Greeting:

" 'Whereas, at the November term of the honorable district court of Coleman county, Texas, on the 4th day of November, A. D. 1913, Mrs. R. E. Jones, a widow, plaintiff, recovered a judgment against H. J. Cobb and C. E. Gough, as follows: Against H. J. Cobb, $3,953.12 and foreclosure of vendor's lien, and against C. E. Gough all costs of suit and foreclosure of vendor's lien; and where, as an order of sale was issued to Coleman county, on the 5th day of December, 1913, and returned indorsed as follows:

" 'The State of Texas, County of Coleman.

" 'Came to hand on the 5th day of December, A. D. 1913, at 3 o'clock p. m. and executed at Coleman in Coleman county, Texas, on the 5th day of December, A. D. 1913, at 4 o'clock p. m., by levying upon the following described land, property of the defendant, and situated in Coleman county, Texas, viz.: (Here follows description.)

" 'And afterwards on the 12, 19, 26 days of December, A. D. 1913, advertised the same for sale at the courthouse door of Coleman county, on the 6th day of January, A. D. 1914, being the first Tuesday of said month (by an advertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the —— day of ——, A. D. 191—, in the Santa Anna News, a newspaper published in the county of Coleman, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levy, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locality in the county, and the name by which the land is generally known) and also mailed to each of the within named defendants a copy of said notice of sale.

" 'And on said 6th day of January, A. D. 1914, between the hours of ten o'clock a. m. and 4 o'clock p. m. at the courthouse door of said county in pursuance to said advertisement, sold said property at public sale to Mrs. R. E. Jones to whom the same was struck off for the sum of $3,953.00 that being the highest secure bid for same; and the said Mrs. R. E. Jones having paid the sum so bid by her, I executed to her a deed for said lands.

" 'And said sum of $3,953 was paid to plaintiff Mrs. R. E. Jones on judgment whose receipt for same is herewith presented, and this writ is hereby returned, on this the 7th day of January, A. D. 1914; and leaving unpaid the costs as hereinbelow, amounting to the sum of $113.60, and no other property of defendant found in Coleman county, Texas.

" 'W. L. Futch,
" 'Sheriff Coleman County, Texas.

" 'Now therefore, you are hereby commanded, that of the goods and chattels, lands and tenements of the said C. E. Gough defendant, you make or cause to be made the sum of one hundred and fourteen dollars and eighty-five cents,

by way of costs, together with your legal fees and commission for collecting same.

" 'Herein fail not to make due execution and return of writ on or before the 90 days from this January 7th, A. D. 1914.

" 'Attest:

" '[L. S.]  W. E. Gideon,
" 'Clerk District Court,
" 'Coleman County, Texas.

" 'Given under my hand and seal of the district court at office in Coleman, Texas, this the 17th day of January, 1914.

" 'W. E. Gideon,
" 'Clerk District Court,
" 'Coleman County, Texas.

" 'Bill of Costs.

| | |
|---|---|
| Filing petition................... $ | 15 |
| Docketing cause.................... | 20 |
| Issuing two citations and two copies.. | 2 50 |
| Issuing two certified copies of petition | 6 30 |
| Entering appearance................ | 30 |
| Swearing one witness............... | 10 |
| Assessing damage................... | 50 |
| Final judgment..................... | 2 80 |
| Taxing costs and copy.............. | 25 |
| Order of sale and return........... | 1 50 |
| Execution and return............... | 1 25 |
| Recording two sheriff's return on citations ............................ | 1 00 |
| Sheriff's costs..................... | 98 00 |
| Total costs................... | $114 85 |

" 'The State of Texas, County of Coleman.

" 'Came to hand the 8th day of January, A. D. 1914, at 3 o'clock p. m., and executed at Coleman in Coleman county, Texas, on the 8th day of January, A. D. 1914, at 3 :10 o'clock p. m. by levying upon the following described land, property of the defendant C. E. Gough and situated in Coleman county, Texas, viz.:

" 'All that certain lot or parcel of land situated in the town of Valera, Coleman county, Texas, being block No. five (5) as per map plan of said town, recorded in the deed records of said county in vol. 55, pages 62 & 62 (63), same being the land conveyed by J. O. Brown and wife Bela Brown by deed dated November 4, 1912, of record in said deed records vol. 78, page 89, hereby referred to for a further description of said property.

" 'And afterwards advertised the same for sale at the courthouse door of Coleman county, on the 3d day of March, A. D. 1914, being the first Tuesday of said month (by an advertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, being on the 30th day of January, 1914, and published also on the 6, 13 and 20th days of February, A. D. 1914, in the Democrat Voice, a newspaper published in the county of Coleman, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levy, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locality in the county, and the name by which the land is generally known); and also mailed to each of the within named defendants a copy of said notice of sale; and also did not mail a copy of said notice of sale to defendant's attorney of record in said cause, none of the defendants having any attorney in said cause.

" 'And was restrained by injunction from selling said lands.

" 'W. L. Futch,
" 'Sheriff Coleman County, Texas.

" 'Sheriff's Fees.

| | |
|---|---|
| Levy ............................. | $1 00 |
| Advertising ...................... | 1 00 |
| Serving two notices................ | 2 00 |
| Printer's fees..................... | 5 00 |
| Total costs...................... | $9 00' |

"(9) That on the 2d day of March, 1914, plaintiff in this cause, C. E. Gough, presented to me, as judge of the Thirty-Fifth judicial district of Texas, his petition for injunction, which petition is on file in this cause filed herein on the 2d day of March, 1914, and upon consideration of same a temporary injunction was granted as shown by order indorsed on said petition, which is hereby referred to and made a part of this finding of fact.

"(10) And in pursuance to said order, after bond had been executed as required by said order and approved by said clerk, writs of injunction were issued by the clerk of this court and duly served on the defendants in this cause on the 2d day of March, 1914, restraining the sale of said premises which were advertised to be sold under said execution on the 3d day of March, 1914; and in obedience to said order, myself, as judge of this court and injunction issued thereon, the said sheriff, W. L. Futch, desisted from any further action under said execution, and did not make said sale as advertised, and returned said execution into court, without making said sale; and, but that for said injunction so issued and served, said sale would have been made by said W. L. Futch under said execution.

"(11) That on the 16th day of October, 1909, by general warranty deed of that date of record in Coleman county deed records, vol. 67, p. 627, Mrs. R. E. Jones, joined by E. C. Jones and wife, Luna Jones, Floyd S. Jones and wife, Mattie E. Jones, W. L. Futch and wife, Hattie Futch, conveyed to H. J. Cobb the lands described in the petition of plaintiff in cause No. 1657, which conveyance was upon and for the consideration, among other things, of the notes sued on in said cause No. 1657 and as therein described, which notes are fully described in said deed, and in said deed was reserved the vendor's lien on said land to secure the payment of said notes, said deed was filed for record on the 3d day of January, 1910.

"(12) That on the 12th day of October, 1912, by general warranty deed of that date of record in Coleman county, deed records, vol. 85, p. 56, the said H. J. Cobb and wife, Mary C. Cobb, conveyed said land described in said petition of plaintiff in said cause No. 1657 to C. E. Gough, and that said conveyance to said C. E. Gough was for the following consideration, as stated in said deed, to wit: 'For and in consideration of the sum of four thousand eight hundred ($4,800) dollars to us paid and agreed to be paid by C. E. Gough as follows, one thousand four hundred and seventy-five ($1,475) dollars cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration of said C. E. Gough takes said land subject to eight certain vendor's lien notes each for the sum of $415.62½ each, and each of said notes due on or before 8 years from date of October 16, 1909, each of said notes bearing interest at 8 per cent., interest payable annually and each note providing for ten per cent. additional attorney's fees if placed in the hands of an attorney for collection, said notes executed by H. J. Cobb and payable to H. E. Jones or order.' That in said deed was retained the vendor's lien on said land to secure said notes. That same were the notes sued on in said cause No. 1657 and described in the deed above mentioned of date October 16, 1909. Said deed to C. E. Gough was filed for record October 12, 1912.

"(13) That said C. E. Gough never made any offer to redeem the property in controversy in said cause No. 1657 to Mrs. R. E. Jones, except that the offer to redeem the same and release his claim thereto upon condition of the payment by Mrs. R. E. Jones to him of the sum of $350, which offer was never accepted by Mrs. Jones. That the above proposition of said C. E. Gough was made before suit filed and was made in reply to a letter of Walter Woodward, attorney for and then representing Mrs. R. E. Jones, in which it was requested that he

release the property, in order that the title to the same might be reinvested in Mrs. Jones without the necessity of the expense of a suit; Mrs. Jones agreeing to cancel said eight notes in case the property were reconveyed to her by Gough.

"(14) That there were three bids on said property sold on order of sale January 6, 1914, as follows: First, $1,000 bid by E. M. Critz, attorney for plaintiff, which bid was made for the plaintiff in said cause R. E. Jones. Second, $1,500 bid by Harry Thompson. Third, the sum of $3,952 bid by said E. M. Critz, attorney for plaintiff.

"(15) That there was no conspiracy or consultation between said E. M. Critz or any other person and the sheriff at said sale; but that the said E. M. Critz immediately before the last bid stepped up to the sheriff making said sale and asked him what was the amount of said judgment in favor of Mrs. R. E. Jones, and, upon being advised of the amount, stepped back into the crowd attending the sale and bid the sum of $3,953, at which price the property was knocked down to Mrs. Jones.

"(16) That said C. E. Gough has never parted with said property so conveyed to him by said H. J. Cobb and wife, and was at the time of the institution of said suit No. 1657, and at the time of said sale, the owner of said property subject to the lien securing the notes of Mrs. R. E. Jones sued on, and was therefore a necessary and proper party to said suit.

"(17) That said C. E. Gough was at the time of the levy of said writ of execution on January 8, 1914, the owner of said property so levied on.

"(18) That demand had been made of C. E. Gough to pay the costs in said cause No. 1657, and he had refused to pay the same."

## Opinion.

[1, 2] The trial court held, as conclusion of law, that, when the sheriff received the proceeds of the sale of the land under the order of sale issued upon the foreclosure judgment, he should have applied such proceeds, first, to the payment of costs, and, second, to the payment of the plaintiff's debt, and that therefore the costs would be considered as having been paid; and, having been so paid, the clerk had no authority to issue the execution the enforcement of which was enjoined by the judgment appealed from. Counsel for appellant assail the correctness of these conclusions of law, while counsel for appellee defend them; and the contentions so urged embrace the questions presented to this court for decision.

In arriving at a proper disposition of the case, the first and most important thing to do is to construe and determine the legal effect of the judgment rendered in cause No. 1657, wherein appellant, Mrs. Jones, was plaintiff and H. J. Cobb and appellee C. E. Gough were defendants; and in so doing it is important to keep in mind the distinction between what the court in that case ought to have done, or had the power to do, and what actually was done. It may be conceded that the court might properly have decreed that the costs constituted a prior lien against the property upon which the plaintiff's lien was foreclosed, and might have directed the officer who made the sale of that property to apply the proceeds, first to the payment of the costs, but that was not done.

On the contrary, the decree directs the officer referred to "to apply the proceeds thereof to the payment and satisfaction of the judgment herein rendered against the defendant H. J. Cobb and the costs of suit." The language quoted does not give any preference or priority to the costs, but places the judgment for the plaintiff for the amount of her debt and the costs of the suit upon a parity. Under that adjudication as to the application of the proceeds of the sale, the sheriff may have had the right to prorate the proceeds between the amount awarded to the plaintiff for her debt and the costs of the suit; but he had no right to apply a sufficient amount to pay the costs, because the property did not sell for enough to pay both the debt and costs. This being the case, the entire amount of the costs had not been paid at the time the second execution was issued, and therefore, without tendering payment of the amount of the costs still due, Gough was not entitled to relief by injunction against the enforcement of the execution. "Injunction" is an equitable relief, which is not granted as a matter of absolute right, and is granted only when the party seeking that remedy shows that he is not in default; or, as it is sometimes said, comes into court with clean hands. That doctrine is illustrated by many cases not necessary to be here cited, in which it has been sought to enjoin the collection of taxes, and the courts have held that, if the complainant owes any portion of the taxes sought to be enjoined, he must tender payment of the amount he owes before he can obtain injunctive relief as to the balance. That course was not pursued in this case, and for that reason, if for no other, the trial court committed an error when it decided that appellee Gough was entitled to enjoin the enforcement of the execution issued against him.

[3-5] Counsel for appellant makes the further contention that, even though the sheriff may have had the right to retain all the costs out of the proceeds of the sale of the property, yet if he had done so Mrs. Jones, the plaintiff in that case, would have been subrogated to the rights of the officers and entitled to an execution against Gough for the amount so retained by the sheriff to cover the costs. In other words, the contention is that as Mrs. Jones, the plaintiff in that case, had a lien upon the property that inasmuch as she was compelled to sue Gough in order to enforce her lien and perfect the title to the property, as between her and Gough equity would compel him to pay the costs of the suit, if the property did not sell for enough to pay both the debt and costs. There is much force in that argument, and it may be that the court intended to protect Mrs. Jones in that respect when it embodied in the decree the stipulation "that plaintiff do have and recover all costs of this suit against the defendants H. J. Cobb and C. E. Gough, jointly and severally, for which

execution may issue." We note the contention of counsel for appellee that the stipulation following after the one just quoted, and reading, "In the event said lands do not sell for enough to satisfy said judgment, then said officer shall make the balance out of defendant H. J. Cobb as under execution," evidences the intention of the court not to render any judgment against Gough, even for costs, unless the property to be sold under foreclosure should not sell for enough to pay the costs. We are unable to sanction that contention, because the court in very clear and specific terms rendered judgment against Cobb and Gough jointly and severally for the costs of that suit, and we do not think it can properly be held that that portion of the decree is nullified by any other portion.

Aside from what has already been said, and considering the case in a broader aspect, it would seem that in equity and good conscience Gough ought to pay the costs for which the execution was issued against him. The findings of the court show that Mrs. Jones attempted to avoid the necessity and expense of joining him in the foreclosure suit by requesting him to deed the land back to her, and that he refused to do so, unless she would pay him the sum of $350. Furthermore, according to the recitals in the deed under which Gough held the land, it would seem that he had by implication, at least, promised Cobb and wife, the grantors in the deed, to pay the notes which were sued upon by Mrs. Jones in the former suit; and, while, no personal judgment was sought against him upon the notes, nevertheless, if he had promised to pay them he could have been held liable upon them, which would have made him primarily liable, both in law and equity for the costs. Spann v. Cochran & Ewing, 63 Tex. 240; Fisher v. Hemming, 164 S. W. 913. And for this reason, whatever ambiguity there may be in the judgment under consideration in regard to the costs, such ambiguity ought to be resolved in favor of Mrs. Jones and against Gough. We think the most favorable construction in favor of Gough that can be placed upon the judgment is that it fixed his liability for the costs as secondary to the liability of his codefendant Cobb and the property upon which the lien was foreclosed; and if it be given that construction, when the costs could not be collected from the sources of primary liability, it was proper to issue execution against Gough. The facts show that the property did not sell for enough to pay both the debt and costs, and that the sheriff failed to find any other property belonging to Cobb out of which to make the residue; and upon this state of facts we hold that the clerk was authorized to issue the execution against Gough. Of course, this latter conclusion is not sound if counsel for appellee are correct in their contention that, when the sheriff received the proceeds of the sale of the property, the costs were then paid. But we do not regard that contention as sound, because the judgment did not fix the costs as a prior charge against the proceeds of the sale; and it cannot be successfully contended that it did more in that regard than to place the costs on an equal footing with the debt, and entitled to a pro rata share of the proceeds of the sale; and this would leave a portion of the costs unpaid.

Our conclusion is that the judgment should be reversed and here rendered for appellant, and it is so ordered.

Reversed and rendered.